James G. McLean *et al.*, Trustees of Associate Congregation of Shenango, *versus* Thomas M. Wade, Executor of Quinton McKinley, deceased.

"*Religious or Charitable Uses,*" in the Act of April 26th 1855, § 11, relative to Bequests and Devises to Corporations, &c., construed.

A legacy to a religious society is a religious and also a charitable use, under the Act 26th April 1855, and is therefore void, where the will was executed but three days before the testator died, because within the provisions of the 11th and 15th sections of that act, which prohibit any such bequest, unless the will had been executed at least one calendar month before the decease of the testator.

ERROR to the Common Pleas of *Crawford county.*

This was an action of debt brought, August 25th 1855, by James G. McLean, Robert McConaghy, and James H. Wade, Trustees of the Associate Congregation of Shenango, against Thomas M. Wade, executor of Quinton McKinley, deceased, in which the jury found the following special verdict:—

" The jury in this case say that the testator, Q. McKinley, made his will the 25th August 1856, in and by which he bequeathed to the Associate Congregation of Shenango $200, and between that day and the 28th of the same month he departed this life. On this latter day the will was entered of probate in the register's office of the county. The plaintiffs, who are the trustees of the congregation, before the beginning of this suit

[McLean *et al. v.* Wade.]

for the recovery of the $200, demanded the same of the executor, and tendered to him a refunding bond in due form and of ample amount, but he refused to pay the same or any part thereof. The jury say further that they are ignorant of the law of the case, and refer the same to the court for its decision thereon; and if the law is in favour of the plaintiffs, they then say they find in favour of the plaintiffs for $200, with interest from the 26th August 1859, but if it be with defendant, then they say for the defendant."

On the 7th of October 1861 the court below entered judgment in favour of the defendant on the special verdict for the following reasons:—

" The congregation mentioned in the will is a religious body, and the bequest to it is a charity for a religious use or purpose, and having been made within less than one calendar month of the testator's death, it is, in consequence of the Act of April 26th 1855, void and imperative. Judgment is therefore entered in favour of the defendant on the special finding of the jury."

Whereupon the plaintiffs sued out this writ, assigning for error the entry of judgment in favour of the defendant, and the refusal of the court to enter judgment for the plaintiffs.

*G. Church,* for plaintiffs in error, argued that the bequest to the congregation was not inoperative by reason of the provisions of the Act of 26th April 1855, § 11. This act, being restrictive of a common and natural right, cannot be extended by construction beyond the letter: Toml. L. Dict. 521. General expressions or terms will be restrained in particular cases when such is apparently the object, and the language will allow it: Bank *v.* Fitzsimmons, 3 Binn. 356; Porter's Case, 1 Co. Rep. 24. The expression " in trust for religious and charitable uses" had received an adjudicated interpretation or construction, and therefore the legislature must be taken to have intended that sense only; and it is a superficial view of the case to hold this bequest to be for a religious or *charitable* use in a legal sense. See Thompson *v.* Pitcher, 6 Taunt. 359; 1 Eng. C. L. Rep. 653; 1 Toml. L. Dict. 318; Brendle *v.* The German Reformed Congregation of Jackson township, 9 Casey 415; Griffith *v.* Cope, 5 Harris 96, as to the distinction between gifts from motives of charity, and a dedication to charitable uses.

This is a bequest of an absolute and not of a qualified interest or property; without any intimation of any restriction touching the power to control or dispose of it. How, then, can it be adjudged a " bequest *in trust* for religious or charitable uses?" The statutory prohibition only extends to bequests of qualified interests, the uses of which are restrained by the testator himself

[McLean *et al. v.* Wade.]

within the prescribed period of his decease. Only express trusts, created by will or deed, are intended; and the judgment of the court below was more like legislation than judicial construction.

The court must be confined to the facts found by the special verdict: Steph. on Plead. 112; Fenn *v.* Blanchard, 2 Yeates 543; Croussillat *v.* Ball, 3 Yeates 375. And as it nowhere appears on the record that the legatee is a religious body, nor that the bequest is a charity for a religious use or purpose. The court below were compelled to assume these facts in order to afford any ground for their judgment.

*Finney* and *Douglass*, for defendant.—The bequest·in this case is to a religious body; is a charitable one, and was made within less than one calendar month of the decease of the testator, whose will is attested by one of the trustees of the congregation claim ing the money. These facts are admitted by the plaintiffs, or appear on record in the case. If such a case does not come under the provisions of the Act of Assembly of April 26th 1855, in relation to religious societies, it would be hard to imagine one that would. The term "associate congregation" indicates its religious character as plainly and distinctly as it would be with the word "religious" prefixed to it. All lexicographers define the word congregation "as an assembly of persons for the worship of God, and for religious instruction." The term has no other appropriate signification in our language. All this was distinctly understood and discussed upon the trial below, and the words "a religious body" omitted in the special verdict to avoid redundancy. The words religious societies are understood to mean congregations for religious instruction: Methodist Church *v.* Remington, 1 Watts 224. In the case of Griffith *v.* Cope, 9 Harris 96, cited by the plaintiffs, the present chief justice, in delivering the opinion of the court, says "a conveyance of land to a religious society implies a religious use." That such societies may sell their land, provided they appropriate the proceeds to the same religious uses. The case of Brendle *v.* The German Reformed Congregation, 9 Casey 415, also cited by the plaintiffs, clearly maintains the same doctrine of religious uses. No extended construction of the Act of Assembly is claimed, but simply that the law be fairly and rationally interpreted and applied. No "common or natural right" is restricted by the Act of 1855; it only modifies the powers and privileges granted by former Acts of Assembly, and regulates, in some particulars, customs and practices derived from other nations. It is enough that the testator expresses his general intention to establish a charity by making a donation to any object or association deemed charitable: Magill *v.* Brown, Brightly's Rep. 347. Where money

is given by will, gift, or voluntary contribution to an association formed for general and public usefulness, it is a charity, and will be treated as such by the courts: Thomas *v.* Elmaker, 1 Pars. Eq. Cases 98.

The opinion of the court was delivered, January 6th 1862, by READ, J.—The 11th section of the act relating to corporations and to estates, held for corporate, religious, and charitable uses, passed the 26th April 1855, is a copy in principle of the statute of 9 Geo. 2, chap. 36, restraining gifts to charitable uses, with certain differences arising from a different state of society. In Pennsylvania our law permits property to pass by will or deed, whether it be real or personal, whilst in England the restraint is confined to land, which, however, can only be conveyed by deed, and no case comes within. the statute unless the gift be for a charitable use.

A religious purpose is a charitable purpose, but our act places the question beyond all doubt, for it uses both terms, "religious or charitable uses."

The legacy in this case is to a religious society, called in the will the Associate Congregation of Shenango, and is clearly for the advancement of religion, and it is therefore a religious use, and also a charitable use, and within the provisions of 11th and 15th sections, which prohibit any such bequest, unless the will had been executed one calendar month before the decease of the testator. The will in this case was executed only three days before the death of the testator, and the court below were therefore right in their decision: Price *v.* Maxwell, 4 Casey 23.

Judgment affirmed.