# Right Rev. T. Mullen *versus* Commissioners of Erie County.

The land upon which a church is being erected is not exempt from taxation under the provisions of the Act of May 14th 1874, which exempts "churches, meeting-houses or other places of stated worship."

October 18th 1877.   Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.   SHARSWOOD, J., absent.

[Mullen v. Commissioners of Erie County.]

Error to the Court of Common Pleas of *Erie county*: Of October and November Term 1877, No. 251.

This proceeding was an appeal by Rt. Rev. T. Mullen, for St. Peter's Cathedral, from the decision of the Commissioners of Erie county, in which the facts were submitted for the opinion of this court in the following case stated:—

"It is agreed that a cathedral is now being constructed by the Catholics of the Diocese of Erie, on their city lots in Erie, on the corner of Sassafras and Tenth streets, to be known as St. Peter's Cathedral; that said building is not yet completed, and that work on same has been carried on during the last three years from time to time during each of said years; that under and by virtue of the Act of May 14th 1874, said commissioners have caused said referred-to three lots and the unfinished cathedral thereon to be assessed as other property in the city of Erie, and have refused to exempt said property from taxation because religious services are not held on said premises—said cathedral not being completed, and, because it is claimed by them said property is not such property as should be exempt from taxation; that no religious services have been held on said premises, except the ordinary services when the corner-stone of said cathedral was laid.

"From the decision of said commissioners this appeal has been taken, and from the decision of the Court of Common Pleas of Erie county both parties reserve the right to a writ of error or to appeal."

The Act of May 14th 1874, Pamph. L. 158, provides, that all churches, meeting-houses or other regular places of stated worship, with the grounds thereto annexed, necessary for the occupation and enjoyment of the same * * * be and the same are hereby exempted from all and every county, city, borough, bounty, road, school and poor tax; Provided, that all property, real or personal, other than that which is in actual use and occupation for the purpose aforesaid, and from which any income or revenue is derived, shall be subject to taxation, except where exempted by law for state purposes, and nothing herein contained shall exempt same therefrom.

The court, Galbraith, P. J., entered judgment for the defendants, and in an opinion said:—

"The plain meaning and intention of the act is that buildings to be exempted as churches or meeting-houses must be such only as are in the language of the law 'regular places of stated worship.' A mere foundation or partly-erected walls might, by a forced construction, be called an unfinished church or meeting-house, but it cannot by any construction be made a 'regular place of stated worship.'

"It is urged that the language of the proviso in the concluding part of the section shows that it was the intention to exempt all

4 Norris—19

[Mullen *v.* Commissioners of Erie County.]

churches, finished or otherwise, occupying property from which no income or revenue is derived—in other words, that if no income or revenue is derived from the property in question, then it need not appear to be 'in actual use and occupation;' but while this leaves that part of the section somewhat vague as to what precisely was meant, yet it does not mitigate the rigid requirement of the main, leading, descriptive clause, which evidently intends that only such churches or meeting-houses as are in actual use as regular places of stated worship are to be exempted from taxation.·

"It follows from this that the setting apart of land for a church building, the ground being owned by a church organization, or as in this case vested in a bishop, and the commencement of the erection of a church edifice, is not sufficient under the provisions of the act in question to secure exemption. Before that privilege attaches, the building must be completed and in actual use as a 'regular place of stated worship.'"

The entry of judgment·for defendants was the error assigned by plaintiff, who took this writ.

*Davenport & Griffith* for plaintiff in error.—The design of the Act of 1874 was clearly to exempt from taxation public property used for public purposes, places of religious worship and of burial, not held for profit, and institutions of public charity. This act is a virtual re-enactment of the Act of April 16th 1838, Pamph. L.· 525. Sect. 1, art. 9, of the constitution, expressly provides that "public property used for public purposes" shall be exempt from taxation. Within this class are embraced court-houses, jails and school-houses, which sometimes take years to erect. Can it be claimed that the land on which they are being erected, can be taxed until the buildings are occupied or in actual use ?

"When particular terms are used to describe the objects of taxation, they should be construed according to their *popular* acceptation, not by any *refined or strained* analogies, and especially when that acceptation corresponds with the use of those terms, in recent legislative enactments:" Deitz *v.* Beard, 2 Watts 172.

In a broad and comprehensive manner, the act clearly states that all buildings known as places of worship shall be exempt from taxation. And the same reason which exempts an unfinished court-house from taxation should apply to and exempt an unfinished church.

*D. B. McCreary* and *Frank Gunnison,* for defendants in error.— Both the constitutional provisions and the legislative enactments were intended to diminish, not increase ·the subjects of exemption from taxation. "Actual places of religious worship," or "regular places of stated worship," mean places *now* used for religious wor-

[Mullen *v.* Commissioners of Erie County.]

ship, where regular church services are held, and to insist that the beginning of work on a church, with the intention of making it a place of stated worship in the future, constitutes it an actual place of religious worship, would open the door for flagrant abuse.   Laws exempting property from taxation should be strictly construed, and no surrender of the general power of taxation can be implied: Hammett *v.* Phila., 15 P. F. Smith 146.

Chief Justice Agnew delivered the opinion of the court, November 7th 1877.

If anything be plain in the constitution, and the law passed to carry out the second clause of the first section of the eighth article relating to exemptions of churches from taxation, it is that a place of actual religious worship only can be exempted.   A marked feature of this clause, which controls its interpretation, is, that no such words were used as churches, meeting-houses, or others, to designate the buildings themselves; but to prevent all doubt, the convention used the words " actual places of religious worship."   In so doing, that body confined the scope of legislative power to the very *use* itself; thus taking away all excuse for loose interpretation as to the character of the building.   It must be a *place* of *religious* worship.   What more definite, to describe the use made of the place—a place, be it church, chapel, meeting-house, or cathedral ? The word place expresses simply *locality*, not *kind*, and hence qualifying words were necessary to denote the kind of place; therefore the convention said, " of religious worship."   And not content with a single qualifying expression, it prefixed the word *actual*— " an actual place of religious worship."   Without religious worship held in it, the place has no character.   The convention did not mean to exempt a *place* merely; for this would be unmeaning, without something to characterize the place.   But when that body said, " an actual place of religious worship," it expressed a general thought, which would embrace all kinds of buildings by simply defining the *use*, which was to be the ground of exemption.   The debates in the convention clearly indicate this meaning, and hence it was said this language would not include buildings put up for church purposes, as for Sunday schools, lectures, and parsonages.

When we reach the Act of 14th May 1874, passed to carry out the exemption clause in the constitution, we discover, from its title and its text, the legislature intended to hold to the definition in the constitution.   Thus the title says, "places of religious worship;" and the text says, " all churches, meeting-houses, or other regular places of stated worship."   They must be places of *stated* worship. The word stated means fixed, established, occurring at regular times, as, stated hours of business.   So, statedly means at certain times, not occasionally.   But the legislature was not content with the word " stated," and the word " regular" was prefixed, and the

[Mullen *v.* Commissioners of Erie County.]

sentence became, "regular places of stated worship." It would be hard to find language that more clearly defines the use, which is the ground of the exemption.

It is thus clear, from both the constitution and the law, it is the use, not the building, which defines the exemption. But the use which is made of a place is a present fact, not something ideal or in contemplation merely. If religious or public worship have not been held in the place, indeed, statedly held in it, the place itself has not a character. At some day, distant or near, it may be intended to be used for stated public worship, but the fact that it is not now used strips it of its only title to exemption. This cathedral, a misnomer, indeed, for it is only an unfinished structure, intended to become a cathedral, has been in the course of construction several years, and when it will be finished and used for religious worship we know not. The great cathedral on Eighteenth street, in the city of Philadelphia, was many years in progress before it was finished—probably twenty. A building intended for a church may never be finished, or its use may be changed. On what principle, under the new constitution, should the property be exempted from taxation before it can be used, when it is the use only which gives it a title to exemption?

An argument is founded on the instances of unfinished court-houses, jails, school-houses, &c. It is inapplicable, however, for these buildings belong to a different branch of the exemption clause. It reads, "exempt from taxation public property used for public purposes, actual places of religious worship, places of burial," &c. The first and second branches are wholly dissimilar. In the former the words "public property" have a wider meaning, and possibly might cover an unfinished building upon it, not yet in use. It might be argued that the property is used for a public purpose when a commencement to build is made upon it. But this cannot be attributed to the expressions "actual place of religious worship," or "a regular place of stated worship," as we have seen it is the use which defines the place or locality used, in order to give ground for the exemption.

It is therefore clear that this unfinished structure, misnamed a cathedral, is not an actual place of religious worship as defined in the constitution, nor a regular place of stated worship, as described in the law, and is, therefore, not entitled to exemption from payment of taxes.

The judgment should be affirmed.

Mercur, J., dissents.