## Pittsburg *v.* Third Presbyterian Church of Pittsburg, Appellants.

*Taxation—Church property—Exemption—Trial by jury—Appeal from assessment—Equity—Practice, C. P.*

Where a municipality assesses for taxes a large lot owned by a church, on a small part of which a chapel has been built, and the church does not raise its claim for exemption either by an appeal from the assessment, or by bill in equity, it cannot complain if the court on a scire facias sur municipal lien for taxes submits to the jury the question as to what portion, if any, of the vacant land should, as a matter of fact, be properly regarded as necessary to the occupancy or enjoyment of the chapel erected on the land.

*It seems* that a church is not entitled to hold exempt from taxation the whole of a large piece of vacant ground, not at the time used as an actual place of religious worship, and not all necessary for the enjoyment and occupancy of a chapel erected, but held for the avowed purpose of erecting a new church which is not even in course of erection.

Argued April 15, 1902. Appeal, No. 50, April T., 1902, by defendant, from judgment of C. P. No. 1, Allegheny County, Dec. T., 1899, No. 862, on verdict for plaintiff in case of city of Pittsburg *v.* Trustees of the Third Presbyterian Church of Pittsburg. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Scire facias sur municipal claim for taxes. Before COL-LIER, J.

From the record it appeared that the city of Pittsburg assessed the vacant portion of a lot owned by the defendant, and that the city took no appeal from the assessment. The evidence showed that a chapel was built upon a portion of the lot, and that it was the intention of the congregation to erect on the remainder of the lot a church building.

Defendant's point was as follows:

If the jury should find from the evidence that the property assessed, to wit: a lot of ground 150×220 feet, was and is enclosed as a single lot with a building for public worship thereon, and that no part of said lot is used or intended for any other purpose than for the erection of a building or buildings for pub-

lic worship and curtilage thereto, no part of said lot of ground is liable to assessment. *Answer:* Refused. [1]

The court charged the jury as follows:

[Now, gentlemen, is the whole of that lot necessary for the reasonable enjoyment, as a curtilage of the part that is now built? The assessor allowed fifteen feet. Is that enough under the circumstances? You have heard the testimony as to where it is located, and as to the size of lots of other churches, and everything surrounding it. Is the act of the assessor, in just giving them fifteen feet enough, or would they be entitled to the whole of the balance or any part of it, as a reasonable curtilage, an allowance for the enjoyment of the church building? That is the question in the case that I leave to you.

If you think that the fifteen feet is not enough, or, if you think that the whole should be allowed as necessary, then you find for the defendant entirely. I think, from the weight of the evidence, it is intended it should be physically one building; that this part they worshipped in is intended to be the rear of a fine church, but then you cannot release them from taxation until they put that on, not having gone on with it. If they had gone on when they laid out the plans and dug the foundations, and did something, another question might arise. Now, you will look at it, taking all of the testimony, and say whether the fifteen feet that is allowed is enough. If you think it is not enough, you take this plan and allow as much more as you think proper. If you think it is all necessary to the enjoyment of the building that is there now, you will find for the defendant. If you find that more is allowable then you must deduct proportionately from the tax levied on the whole, which is $270. If you find the proportion, the counsel will compute it for you, or you can compute it for yourselves.] [2]

Verdict and judgment for plaintiff for $217. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*R. Petty,* for appellant.—It was for the court to determine the curtilage proper and reasonable for use in connection with

the church building : Pennsylvania Hospital v. Delaware County, 169 Pa. 305; Southern Electric Light & Power Co. v. Roney, 191 Pa. 170; Philadelphia v. Keystone Battery, 169 Pa. 526; Pittsburg v. Third Presbyterian Church, 10 Pa. Superior Ct. 302.

*A. M. Thompson,* assistant city solicitor, with him *T. D. Carnahan,* city solicitor, for appellee.—The legislative exemptions are very strictly construed: Philadelphia v. Barber, 160 Pa. 126 ; White v. Smith, 189 Pa. 231 ; City of Pittsburg v. Third Presbyterian Church, 10 Pa. Superior Ct. 314.

In cases where property is severable that part which is exclusively used for charitable purposes may be exempted and the residue of the property be left taxable: Philadelphia v. Barber, 160 Pa. 123 ; American Sunday School Union v. Phila., 161 Pa. 307; Moore v. Taylor, 147 Pa. 481.

The act of 1879 does not help the appellants: Mullen v. Commissioners of Erie County, 85 Pa. 288.

OPINION BY WILLIAM W. PORTER, J., May 22, 1902:

This action is by sci. fa. upon a municipal claim for taxes against a lot of ground bounded by Fifth avenue, South Negley avenue and Kentucky avenue, in the city of Pittsburg, having a frontage on the first and last named avenues of 150 feet, and of 220 feet on South Negley avenue. The ground is owned by the trustees of the Third Presbyterian Church of Pittsburg. A chapel has been erected on a part of the lot, occupying about seventy-six feet on South Negley avenue, and running approximately the depth of the lot, along the line of Kentucky avenue. The whole lot is enclosed, and that portion unoccupied by the chapel is vacant, but, as one witness describes it, is " fixed up as a lawn." The purpose of the defendants, as shown by the testimony, is to improve the vacant portion of the lot by the erection of a church building, and to use the present construction as a chapel in connection therewith. The controversy here is, whether the vacant piece of. ground is exempt from taxation because " necessary for the occupancy and enjoyment " of the present church or chapel. The municipality admits the right of the defendants to exemption of that portion of the property built upon and used as a chapel or church, together with a rea-

sonable curtilage of fifteen or twenty-five feet on the sides of the chapel away from the avenues. The cause was before court and jury. The trial judge submitted to the jury the question as to what portion, if any, of the vacant land should, as matter of fact, be properly regarded as necessary to the occupancy and enjoyment of the church building already erected. Their verdict is a money verdict. It is susceptible of the construction that the defendants are entitled to more than the exemption allowed by the plaintiff, and that the part of the property fronting on Fifth avenue is the more valuable portion. It is also susceptible of the construction that (all of the property being regarded as equally valuable) the church has by the verdict a more restricted curtilage than that conceded by the municipality. It is this unsatisfactory result, no doubt, which impels the defendants to contend that the question of the amount of ground necessary to occupancy and enjoyment should have been determined, not by the jury, but by the court. It was, however, open to the defendants to raise their contention for exemption either on appeal from the assessment, or (as has been frequently done in other cases) by bill in equity. Either of these forms of procedure would have relegated the question now in dispute to the decision of the court, and not to a jury. The defendants have, however, elected to test their rights in the common-law form, and, as the question under the evidence became one of fact, they can complain neither that it was submitted to a jury, nor of the result which has flowed from such submission.

It is proper to add that on the facts exhibited, the defendants could scarcely hope to induce any court to hold exempt from taxation the whole of the large piece of vacant ground, not at present used as an actual place of religious worship, and palpably not all necessary for the enjoyment and occupancy of the chapel erected, but held for the avowed purpose of erecting a new church which is not even in course of erection. See Mullen v. Commissioners of Erie County, 85 Pa. 288. The most that the defendants could expect would be such a reasonable allowance of land as that indicated by the municipal authorities, in addition to the ground actually covered by the chapel. If this be true, the submission of the case to the jury cannot have worked the defendants injury, since it is possible that by the

verdict the extension of the curtilage may have been greater than that which a court, sitting alone, would have been justified in adopting.

We can find no error in this record which has worked injury to the defendants. The judgment entered by the court below is, therefore, affirmed.