# Philadelphia v. St. Elizabeth's Church, Appellant.

*Taxation—Places of religious worship—Clergy house—Act of May 14, 1874, P. L. 158.*

A clergy house belonging to a church is not exempt from taxation, where it appears that the house was a three story dwelling house occupied by the rector of the church and his family; that it adjoined the church with a thirteen inch party wall between; that two doors opened from the house into the church, one in the basement and one on the first floor; that the door on the first floor was sometimes used for public entrance to the church although the church had a usual public entrance; that rooms on the ground floor of the house were used for the parish offices and vestry room for the conduct of the business of the parish; and that no revenue of income was derived from the house, except that its use as a residence by the rector and his assistant was a part of the compensation paid for their services to the church.

Submitted Oct. 21, 1910. Appeal, No. 180, Oct. T., 1910, by defendants, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1909, No. 1,540, M. L. D. on case stated in suit of City of Philadelphia v. The Rector, Churchwardens and Vestrymen of St. Elizabeth's Church of Philadelphia,

owner.  Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ.  Affirmed.

Case stated to determine whether a clergy house was exempt from taxation.

The facts are stated in the opinion of the Superior Court.

The court in an opinion by Carr, J., entered judgment for plaintiff on the case stated.

*Error assigned* was the judgment of the court.

*William D. Neilson, Clinton R. Woodruff* and *Clarence E. Kuemmerle,* for appellants.—The clergy house in this case is used for entirely different purposes than as a parsonage merely: Howell v. Philadelphia, 8 Phila. 280.

The clergy house in this case is physically annexed to the church edifice proper and forms a part thereof: Church of Our Saviour v. Montgomery County, 10 W. N. C. 170; Pittsburg v. Third Presbyterian Church, 10 Pa. Superior Ct. 302; Northampton County v. St. Peter's Church, 5 Pa. C. C. Rep. 416; Philadelphia v. Church of St. James, 134 Pa. 207; Moore v. Taylor, 147 Pa. 481; Wagner's Est., 17 Pa. Dist. Rep. 530.

*Mayne R. Longstreth* and *James Alcorn,* assistant city solicitor, and *J. Howard Gendell,* city solicitor, for appellee.—That a parsonage or house for the pastor of a church is not exempt from taxation, because it is not an actual place of religious worship, nor ground necessary for the occupancy and enjoyment of such a place of worship has been decided by quite a line of decisions: Dauphin Co. v. St. Stephen's Church, 3 Phila. 189; Mullen v. Erie Co., 85 Pa. 288; Church of Our Saviour v. Montg. Co., 10 W. N. C. 170; Wood v. Moore, 1 Chest. Co. Rep. 265; Mullen v. McKinney, 138 Pa. 69; Parsonage Taxes, 25 Pa. C. C. Rep. 570; Central M. E. Church's Taxation, 11 Kulp, 131; Pittsburg v. Third Pres. Church, 10 Pa. Superior Ct. 302; Wood v. Moore, 1 Chest. Co. Rep. 265.

The true basis of decision is the use and not the manner

or character of annexation: Y. M. C. A. v. Donohugh, 13 Phila. 12; Wagner Inst. v. Phila., 132 Pa. 612; Mercantile Library Co. v. Phila., 161 Pa. 155; Amer. S. S. Union v. Phila., 161 Pa. 307; Montg. Co. Hist. Soc. v. County, 13 Montg. Co. Rep. 205; Sisters of St. Francis v. County, 7 Del. County Rep. 214; Mercantile Library Hall Co. v. Pittsburg, 11 Atl. Repr. 667.

OPINION BY MORRISON, J., March 3, 1911:

The basis of this suit is a tax lien, and an amicable action was entered by agreement with the same force and effect as if a writ of scire facias sur claim had been issued and served and returned by the sheriff in accordance with the act of June 4, 1901. Preliminary notice waived. The facts are all stated in the form of a case stated for the judgment of the court below, each party reserving the right of appeal. The single assignment of error is: "The learned court erred in entering judgment on the case stated in favor of the plaintiff." The following facts are taken from the case stated:

The defendant owns real estate in the twenty-sixth ward of the city of Philadelphia and on the northernmost portion of its lot is erected the church edifice, which is maintained and used as a regular place of public church worship; combined with and attached is the clergy house or rectory. The said clergy house occupies fifty-eight feet and six inches of the lot on Mifflin street and has a depth of thirty feet six inches to a wall thirteen inches in thickness, by which it is connected with that part of the church building which is devoted exclusively to public worship and with which communication is maintained by two doors, such as divide chambers or rooms, one in the basement and one in the first floor. The wall between the church edifice and the clergy house is said by the Philadelphia building inspectors to be of sufficient thickness and strength for an outside wall for either of the buildings. The door on the first floor frequently serves as a public entrance from Mifflin street to the wholly public part of

the church, but the regular entrance to the church is immediately west of the rectory or clergy house. The clergy house is three stories in height. On the lower floor are the parish offices where the business of the parish is conducted and where the governing body of the corporation meets to transact the business of the parish, the refectory or dining room, kitchen and pantry. On the next floor are the sitting room of the rector's family, his study, a bath room and two bedchambers, and on the third floor another bath room and two more bedchambers. It is agreed that no revenue or income is derived from the said building, which is maintained by defendant as and for a residence for the rector of the parish and his assistant as part of the compensation paid for their services to the corporation. Further, the clergy house and lot upon which it was erected were assessed for taxation for the year 1908 at a valuation of $3,000 and the above lien is a claim for the same. Lastly, it is agreed in substance that if the court shall find that under the above statement of facts, the property so liened is exempt from taxation while used as above set forth, then judgment shall be entered in favor of the defendant. If, on the other hand, the court shall be of the opinion that the clergy house so situated and used is taxable, then judgment shall be entered in favor of the plaintiff in the sum of $54.31, with interest, penalty and costs. Each party reserving the right of appeal.

By a plot or plan attached to the case stated and agreed to be correct, it clearly appears that there is a complete church edifice erected upon the defendant's lot and that it has a public entrance from a public street. At one side of the church is erected the clergy house upon which the taxes in question were assessed and levied. This house is a complete residence. It is three stories high and has the ordinary basement, rooms and conveniences of a modern house. It stands against one side of the church edifice but the two buildings are separated by a wall thirteen inches thick and admitted to be of sufficient strength for an out-

side wall for either of the buildings. The only connection between the clergy house and church is a door through said wall in the basement fixing a passageway from one basement to the other and a door on the first floor through the same wall.

The case stated concedes that the clergy house is occupied by the rector and his assistant as a part of the compensation paid for their services to the corporation. Therefore it seems clear that the defendant corporation does in a sense receive a direct benefit and income from the clergy house. The defendant's counsel contend earnestly that the clergy house and lot on which it stands are exempt from taxation under the Act of May 14, 1874, P. L. 158, because it is combined with and attached to the church edifice, and communicates with it by means of the two doors above mentioned, one of which frequently serves as a public entrance to the wholly public part of the church, and contains the rector's study and the parish offices where the business of the parish is conducted and where the governing body of the church meets to transact the business of the parish.

The difficulty with appellant's contention is that the clergy house is not an actual place of religious worship. It is a residential place. The church adjoining is the place of religious worship. It is a strange use of language to say that a dwelling house, with basement, kitchen, dining room, bath rooms and sleeping rooms, actually occupied by a family as their residence, is an actual place of religious worship. In Mullen v. Commissioners of Erie Co., 85 Pa. 288, Chief Justice AGNEW discusses the constitutional provision thus: "And not content with a single qualifying expression, it prefixed the word actual— 'an actual place of religious worship.' Without religious worship held in it, the place has no character. The convention did not mean to exempt a place merely; for this would be unmeaning, without something to characterize the place. But when that body said, 'An actual place of religious worship,' it expressed a general thought, which

would embrace all kinds of buildings by simply defining the use, which was to be the ground of exemption. The debates in the convention clearly indicate this meaning, and hence it was said this language would not include buildings put up for church purposes, as for Sunday schools, lectures, and parsonages." The learned judge then discusses the act of May 14, 1874, passed to carry out the exemption clause in the constitution, and he says: "Thus the title says, 'places of religious worship'; and the text says, 'all churches, meeting-houses, or other regular places of stated worship.' They must be places of stated worship. The word stated means fixed, established, occurring at regular times, as, stated hours of business. So, statedly means at certain times, not occasionally. But the legislature was not content with the word 'stated,' and the word 'regular' was prefixed, and the sentence became, 'regular places of stated worship.' It would be hard to find language that more clearly defines the use, which is the ground of the exemption."

In Pittsburg v. Presbyterian Church, 20 Pa. Superior Ct. 362, we followed the doctrine of Mullen v. Commissioners of Erie County, 85 Pa. 288. In Philadelphia v. Barber, 160 Pa. 123, the same doctrine is adhered to (p. 128). Mr. Justice MITCHELL, speaking for the court, said: "The exemption of church property under the act of 1874 being limited, therefore, to that in actual use and occupation, and the necessary construction being that such use and occupation must be exclusive as well as actual, and not the source of income or revenue, the exemption in the present case must be limited to such parts of the building as meet those requirements. If the church lot was large, and the church should erect a row of stores around its edge and rent them out, there could be no question that that part of its property would be taxable though the income should all be applied to the support of the church. It would not come within the intent and description of the statute."

The above doctrine seems to apply with much force to the clergy house and lot in the present case. It is agreed

that the corporation defendant partially pays the rector's salary by granting him the use of the clergy house. In Moore v. Taylor, 147 Pa. 481, it was held as stated in the syllabus: "When a church building ceases to be used as 'an actual place of religious worship,' its exemption from taxation ipso facto ceases, and the property forthwith becomes subject to taxation as full as though it had never been exempted." In the present case we have seen that the clergy house, and the lot occupied by it, are not a necessary part of the church and that they never were used as an actual place of religious worship. No doubt the clergy house is a convenient adjunct of the church, but it is idle to contend that it was a necessary part of the church edifice. From the description of the two buildings in the case stated it is apparent that either one could be removed leaving the thirteen inch division wall standing, and when the two doors mentioned were stopped up, the building remaining would be complete without the other one.

It has been many times decided that the question we are considering is controlled by the use and not the manner or character of the annexation. This principle has been carried to the extent that where a building is one single structure, and not a question of mere annexation, and one part of the building is used for an exempt purpose and another part for a nonexempt purpose, it is divided for purposes of taxation and one part exempted and the other part taxed: American Sunday School Union v. Phila. 161 Pa. 307. We followed that case in Pocono Pines Assembly v. Monroe County, 29 Pa. Superior Ct. 36. We might cite other cases but it is unnecessary to prolong this opinion.

We are all of the opinion that on the facts stated the learned court below did not err in entering judgment in favor of the plaintiff.

The assignment of error is dismissed, the judgment is affirmed, and the appeal dismissed at the cost of appellant.