Laymen's Week-End Retreat League of Philadelphia, Appellant, v. Butler, et al.

*Taxation—Exemption—Religious purposes—Property exempted.*

1. Property exempted from taxation, under the Act of April 9, 1921, P. L. 119, because of its religious character, is only such as constitutes "an actual place of religious worship." To come within the exempting clause, it must be a regular place of stated worship—which contemplates a place consecrated to religious worship, where people statedly join together in some form of worship, and not merely individual communion with one's Maker apart from a church, meetinghouse or some regular place of stated worship.

2. Plaintiff instituted and maintains a retreat where at stated periods each week, during a portion of the year, laymen may go for their own spiritual good and advancement. The retreat consists of a mansion house, now used as a chapel, library and sleeping quarters for the retreatants; a separate building used as a dining-room and·kitchen and quarters for the employees; a lodge house used as a dwelling by a worker on the place; and 56 acres of ground, of which 15 acres consist of cleared ground, lawn, garden and orchard, and the rest in woodland, of which from 7 to 12 acres are used for "Stations of the Cross." Held, that only so much of the property as was used for actual places of religious worship was exempted from taxation, and that under the facts in this case, it applied only to that part of the mansion house devoted to the chapel and the land reasonably used for the Stations of the Cross.

3. As a part of the premises was taxable the bill in equity to restrain its taxation was properly dismissed.

4. An appeal from the taxation of real estate is not to be considered as abandoned or withdrawn merely because the appellant

subsequently files a bill to restrain the collection of any taxes thereon.  An appeal is an appropriate method of securing relief from an excessive assessment, where either the valuation is too high or a part of the property is exempt from taxation, and is not affected by the filing and dismissal of a bill in equity to secure complete immunity from taxation.

Argued November 19, 1923.  Appeals, Nos. 287 and 288, Oct. T., 1923, by plaintiff, from judgment of C. P. Chester Co., No. 5772, and sitting in equity No. 700, in the case of Laymen's Week-end Retreat League of Philadelphia v. Harris A. Butler, J. Coulston Reece and Lewis A. Kley, County Commissioners of Chester County, R. H. Phelps, H. S. Comfort, Isaac R. Kurtz, Raymond S. Cox and Thomas Gee, Directors of the Malvern School District, Dr. J. K. Evans, Burgess, and Homer W. Tremer, H. J. Hufnal, C. C. Highley, Frank Rushworth, Jesse W. Cox, Dr. W. L. Hamilton, S. B. Grubb and Horace Supplee, Members of the Council of the Borough of Malvern, Harvey W. Krauser, Treasurer of Chester County, J. Foreman Cox, Tax Collector of the Borough of Malvern and of the Malvern School District.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Reversed as to appeal from assessment.  Affirmed as to bill in equity.

Appeal from assessment of taxes; and bill in equity to restrain their collection.  Before BUTLER, P. J., and HAUSE, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill and disallowed the appeal.

*Errors assigned* were in dismissing exceptions to various requests for findings of fact and conclusions of law and the decree of the court.

*Daniel C. Donoghue, John J. Sullivan,* and with them *Truman D. Wade* and *Richard T. McSorley,* for appel-

lants.—Plaintiff was entitled to complete exemption for
its property: Methodist Episcopal Church v. Philadel-
phia, 266 Pa. 405; Burd Orphan Asylum v. School Dis-
trict of Upper Darby, 90 Pa. 21; Pennsylvania Hospital
v. County of Delaware, 169 Pa. 305; Episcopal Academy
v. Philadelphia, 150 Pa. 565; Phila. v. Women's Chris-
tian Association, 125 Pa. 572; House of Refuge v. Smith,
140 Pa. 387; Gable v. Sisters of St. Francis, 227 Pa. 254;
The Central Pennsylvania Bible Conference Society of
the United Evangelical Church v. Union County, 24 Pa.
D. R. 392.

*Walter S. Talbot,* and with him *Wilmer W. MacElree,*
for appellees, cited: Philadelphia v. Masonic Home, 160
Pa. 572; Donohugh's App., 86 Pa. 306; Friends' Board-
ing Home v. Bucks County Commissioners, 80 Pa. Su-
perior Ct. 475; Pocono Pines, Etc. v. Monroe Co., 29 Pa.
Superior Ct. 36; Fire Insurance Patrol v. Boyd, 120 Pa.
624; City of Pittsburgh v. Third Presbyterian Church,
10 Pa. Superior Ct. 302.

OPINION BY KELLER, J., February 29, 1924:
The Constitution, in that section which authorizes the
general assembly to pass general laws exempting certain
property from taxation (article IX, section 1), makes a
distinction between "actual places of religious worship,"
and "institutions of purely public charity." This must be
borne in mind in applying the Act of April 9, 1921, P. L.
119, to the objects therein exempted from taxation. While
in some respects a religious purpose may be a charitable
purpose, (McLean v. Wade, 41 Pa. 266, 269), it is not
necessarily so, and when considered from the standpoint
of exemption from taxation the constitutional distinction
must be observed. This distinction was stated by Mr.
Justice WILLIAMS in Knight's Est., 159 Pa. 500, 502, as
follows: "In all Christian countries the word religion
is ordinarily understood to mean some system of faith
and practice, resting on the idea of the existence of one

God, the creator and ruler, to whom His creatures owe obedience and love. Charity is understood to refer to something done or given for the benefit of our fellows or of the public." Thus a bequest to a church to be expended for masses for the repose of one's soul is a religious use and not a charitable one: Rhymer's App., 93 Pa. 142. On the other hand where the purpose of a gift, or the object of an organization,—even though the gift be made to, or the organization be under the control of, a particular religious denomination,—is for the benefit of mankind or the public generally, such as the spread of the Christian religion to others through missions, the erection and maintenance of Sunday schools and the publication of moral and religious literature, the maintenance of a school open to all, etc., the object is charitable, and may be exempted from taxation as a purely public charity: Domestic & Foreign Missionary Society's App., 30 Pa. 425; Methodist Episcopal Church v. Phila., 266 Pa. 405; American Sunday School Union v. Phila., 161 Pa. 307; White v. Smith, 189 Pa. 222.

But wherever the dominant purpose of an institution is religious worship and the spiritual advancement of those attending its religious services or participating in such worship, it must be considered—from the standpoint of exemption from taxation,—as a religious institution proper, although incidentally to its main purpose it may dispense charity; and exemption from taxation is permitted to only such of its property as constitute "actual places of religious worship." Thus our Supreme Court has held that a parsonage cannot be considered as an actual place of public worship, though erected upon ground appurtenant to a church: Church of Our Saviour v. Montgomery Co., 10 W. N. C. 170; and that a lot of ground on which a church is in course of erection is not exempt: Mullen v. Commissioners of Erie Co., 85 Pa. 288; and that when a church ceases to be used as "an actual place of religious worship" the exemp-

tion from taxation forthwith ceases: Moore v. Taylor, 147 Pa. 481.

We agree with the learned court below in its finding that the main or controlling object of the appellant's retreat is religious, not charitable; it "is instituted and maintained absolutely and solely as a place of religious worship, where at stated periods [each] week, during a part of the year, people attend for worship; and plaintiff must secure exemption, if at all, by establishing that it is,—applying the provision of the Constitution and of the Act of 1921—such an actual, regular place of stated religious worship, as is contemplated by the Constitution and statute." This finding is in accord with the testimony offered on appellant's own behalf: That the purpose of the institution is the "spiritual advancement of the persons attending the retreat"; "a man goes apart for his own individual good." The highest authority in the Catholic Church calls such retreats, "spiritual exercises"; "houses of devotion into which men withdraw ........there to put themselves into training for the ......Christian life."

The property which appellant seeks to have exempted from taxation consists of a mansion house, now used as a chapel, library, and sleeping quarters for the retreatants; a stable and quarters for the stablemen, now changed into a dining room and kitchen, and quarters for employees; a lodge house used as a dwelling by a worker on the place; and 56 acres of ground of which about 15 acres consist of cleared ground, lawn, garden and orchard, and the rest is woodland, of which from seven to twelve acres are used for the "Stations of the Cross." So much of the property as is used for actual places of public worship, or its equivalent, regular places of stated worship, is exempt from taxation. In our opinion this includes that part of the mansion house devoted to the chapel; and the land used for the Stations of the Cross. The Stations of the Cross are well-known places of adoration or worship, usually within a church. They do not

lose their status because located out of doors, provided the land is set apart for that use alone. We are not satisfied that the quantity of land now devoted to that purpose is unreasonable or has been unduly enlarged to escape taxation. The rest of the property is subject to taxation, because not within the constitutional exemption: Phila. v. St. Elizabeth's Church, 45 Pa. Superior Ct. 363. The fact that it may be used by the retreatants for individual religious meditation does not justify its exemption. To come within the exempting clause, it must be an actual place of religious worship—which contemplates a place consecrated to religious worship (Howell v. Phila., 8 Phila. 280), where people statedly join together, (In re Walker, 66 N. E. 144, 200 Ill. 566), in some form of worship, and not merely individual communion with one's Maker apart from a church, meetinghouse or some regular place of stated worship—otherwise anybody could claim exemption as to his individual property by using it for religious meditation at stated intervals.

As part of the property is not exempt from taxation it follows that the bill in equity was rightly dismissed: U. of P. Christian Assn. v. Phila., 75 Pa. Superior Ct. 516; American S. S. Union v. Phila., supra. The appeal from the tax assessment, however, is on a different footing. It is an appropriate method of securing relief from an excessive assessment where either the valuation is too high or a part of the property is exempt from taxation: Pocono Pines Assembly v. Monroe Co., 29 Pa. Superior Ct. 36; Methodist Episcopal Church v. Phila., supra. We cannot agree with the learned court below that the appellant abandoned its appeal as ineffectual to afford the relief it sought and substituted the suit in equity. The appeal was not formally withdrawn or discontinued. No doubt appellant desired complete immunity from taxation and considered the bill in equity the more efficacious method of securing that result; but the appeal from the assessment was left pending and undetermined, and after the decree was entered in the equity suit ad-

ditional testimony was taken looking to a partial exemption of the property from taxation. The appellant was not concluded by the preliminary statement of its counsel, that it claimed total exemption, from pressing for such partial exemption as the evidence might show it was entitled to. It may be difficult to arrive at a just and equitable separation of the exempt from the taxable property, but not more so than in the cases of Phila. v. Barber, 160 Pa. 123; Pittsburgh v. Presbyterian Church, 20 Pa. Superior Ct. 362; Y. M. C. A. v. Donohugh, 7 W. N. C. 208, and the cases already cited, where part of the property was held to be taxable. It is certainly not impossible for the assessor to make a reasonably fair and equitable separation between the assessable and exempt property such as is recognized as proper in the decisions, (M. E. Church v. Phila., supra, p. 411), or for the court to do so, on appeal. There was testimony in the case from which such a division could be made, but the court below may desire further evidence on the subject, fixing more definitely the acreage devoted to the Stations of the Cross, as well as the proportionate value of the exempted property. We will, therefore, on this appeal reverse the decree with a procedendo. Judgments are accordingly entered in the respective appeals, as follows:

In No. 287, October Term, 1923. The first assignment of error is sustained. The decree is reversed with a procedendo.

In No. 288, October Term, 1923. The decree is affirmed at the costs of the appellant.