## Moon Township Appeal.

Argued October 5, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and MCBRIDE, JJ.

reargument refused December 31, 1959.

*John A. Robb*, with him *Robert Van der Voort*, *John F. Healy*, and *Van der Voort, Royston, Robb & Leonard*, for appellant.

*Maurice Louik*, County Solicitor, with him *Joseph H. Ridge*, Assistant County Solicitor, and *Philip Baskin*, Special Counsel, for appellee.

OPINION BY MR. JUSTICE MCBRIDE, November 24, 1959:

This appeal is from the original and supplemental orders of the court below assessing local taxes upon the Greater Pittsburgh Airport property owned by Al-

legheny County. The controversy began in 1953. In that year the Allegheny County Board of Property Assessments (hereinafter referred to as "Board") made the original assessment of the airport and declared the entire property tax exempt. The Township of Moon and Moon Schools Union School District (hereinafter referred to as "appellants") appealed to the Board and subsequently to the Court of Common Pleas,[1] wherein Allegheny County intervened to support the Board. That appeal resulted in a finding that portions of the airport property should be placed in a taxable status by the Board and, on August 1, 1956, the court below decreed that the Board restore those parts of the property to a taxable classification "for the year 1953, and subsequent years," making a valuation in proportion to the value of the entire property. This order was appealed by both Allegheny County and the appellants, the County arguing that the entire property should have been declared tax-exempt and the appellants contending that the entire property should have been placed in the taxable classification. That order was affirmed by this Court. *Moon Township Appeal*, 387 Pa. 144, 127 A. 2d 361.

Subsequently, appellants appealed from the Board's decision on remand, making such assessments in the names of the various lessees at the airport. At that time the question was raised whether the prior order of the court entered in August of 1956 was applicable to any years other than 1953 and 1954. On March 11, 1958, the court *en banc* directed the Board (1) to make its assessments not in the names of the individual lessees but against Allegheny County and held that the only years involved were 1953 and 1954, and, (2) it ordered a hearing on the question of valuation of the tax-

---

[1] Act of 1933, P. L. 853, Act 5, §518, as amended, 72 P.S. §5020-518.

able portions of the property. Appellants filed a petition asking the court to reconsider that portion of its order which declared that the only years involved were 1953 and 1954. The court granted reargument limited to that question. Upon reargument, the court on October 16, 1958, approved the order of March 11, 1958 as entered.[2] The County has accepted both the original and supplementary orders and has filed no appeal. Appellants, however, have appealed from both orders entered October 16, 1958, i.e., the valuation of the taxable property and that this valuation be limited only to the years 1953 and 1954.

The issue before us at this time is the determination of what the court below meant in its original order by the words "1953 and subsequent years". Appellants contend that the subsequent triennial 1955 to 1957 was also subject to the original order of the court below. With this contention we cannot agree. The decisional facts disclose that following the opening of the airport in 1952 an assessment for the triennial commencing in 1952 was made. An appeal from this assessment was taken and the Board's decision thereon was made before the 1955 triennial assessment. Subsequently, the Board in January of 1955, gave public notice of the assessment on this property filed for the 1955 triennial, and no appeal was taken by the appellants from this assessment. At the trial of the appeal from the 1953 assessment, the only records produced, testimony introduced and assessment read into the record, concerned the years 1953 and 1954. It was unfortunate that the Board in holding the property exempt and the court below in its original decree, which held certain areas taxable, used the language "1953 and subsequent years"

---

[2] Prior to October 16, 1958, the court below had held hearings on the question of valuation of the taxable portions of the property, and on the same day they filed a supplemental order finding the valuations of taxable property for the years 1953 and 1954.

as is ordinarily used in triennial appeals. However, the court below later clarified this language by declaring that it only meant its order to cover 1953 and 1954 and, indeed, the only matter before the court at that time was an appeal applicable to those years. Jurisdiction over the subsequent triennial was not given to the court, nor could it be assumed by the court. In matters of this nature jurisdiction is conferred only by statute. *Pittsburgh School District et al. v. E. S. S. Land Company,* 140 Pa. Superior Ct. 590, 14 A. 2d 619.

The fallacy of appellants' contention that the term "subsequent years" extends the court's ruling to the 1955-56-57 triennial becomes apparent when this argument is carried to its logical conclusion. When does the term of "subsequent years" end? If it would apply to the immediately following triennial, why then should it not apply to those in succeeding triennials? It is apparent it does not.

In addition, by the order complained of, the Board was directed to apportion the assessments in the name of Allegheny County between the taxable and exempt property. At the hearing to determine the apportionment, appellants offered testimony as to the value of the taxable part of property. Their valuation was based on a comparison of the room areas held taxable as against the room areas held exempt. However, they excluded the corridors, service areas, etc., from the exempt classification, so that as a result, these excluded areas were divided between taxable and exempt in the same ratio as the room areas bore to one another although a great deal of such areas are in no way related to the room areas held taxable. On the other hand, the valuation placed upon the taxable areas by the Board was the result of a thorough study made of each floor, separating such things as: use, accessibility, economic rate, relative importance in relation

to the whole structure, and in general, all the factors that the Board regularly considers in the appraisal of any other real estate for tax purposes.

It is our opinion that the Board approached this matter in a proper way and rendered a fair appraisal.[3] This appraisal was reviewed by the court below and adopted by them. The Board's valuations which were used as the basis for the court's findings considered all proper valuation factors, while appellants made no attempt to dispute that evidence but simply requested the court to apply flatly to all areas involved a fixed percentage figure which had no relation to valuation factors or to the proper division of the areas between taxable and non-taxable portions of the property.

Allegheny County has filed a motion to quash that portion of the appeal, questioning the limitation of the valuation to the years 1953 and 1954. In light of the disposition we make of the merits of this controversy, we find it unnecessary to include a separate discussion of this motion which we have this day dismissed.

The orders of the court below are affirmed.

---

[3] No uniform criteria or formula for assessing part of a building such as is necessary in this case has been or can be promulgated by this Court. See *West View Borough Municipal Authority Appeal*, 381 Pa. 416, 113 A. 2d 307; *Y.M.C.A. of Germantown v. Philadelphia*, 323 Pa. 401, 187 Atl. 204; *Dougherty v. Philadelphia*, 314 Pa. 298, 171 Atl. 583, in which different formulae were used. It must, however, be a just and equitable separation. See *Laymen's Week-End Retreat League of Phila. v. Butler*, 83 Pa. Superior Ct. 1.