Grandview Cemetery Association *v.* Allegheny County Board of Property Assessment, Appeals and Review, Appellant.

Argued November 16, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Maurice Louik,* County Solicitor, with him *Thomas M. Rutter, Jr.,* Assistant County Solicitor, and *Francis A. Barry,* First Assistant County Solicitor, for appellant.

*George R. Craig,* with him *Craig, Goehring & Harrison,* for appellee.

OPINION BY MONTGOMERY, J., December 16, 1966:

This appeal by the County of Allegheny is based on an assessment of property in North Versailles Township, Allegheny County, Pennsylvania, for the triennial period 1961-1962-1963. The cemetery corporation claimed exemption of its property as that of a nonprofit cemetery corporation. Its claim was denied by the Board of Property Assessment, Appeals and Review of said county, but on appeal to the County Court thereof the exemption was allowed and the assessment stricken. However, the court not only struck off the assessment for the triennial period aforementioned but also for the years 1947 to 1960 inclusive, during which there had been no appeals taken from similar assessments. The county appealed.

Although the lower court found that the property had been used for cemetery purposes since 1902 and was exempt from taxation under The General County Assessment Law, Act of May 22, 1933, P. L. 853, 72 P.S. §5020-1 et seq., which specifically exempts, "All burial grounds . . . not used or held for private or corporate profit;" it exceeded its authority by adjudicating matters not before it. The County Court of Allegheny County has only the powers given it by the statute which created it and the amendments made to it thereafter. Neither the original statute nor any of the amendments vest in it any equitable powers that would permit it to strike off the assessments prior to the one from which the appeal was taken. Act of May 5, 1911, P. L. 198, 17 P.S. §621 et seq.; *Mazeika v. American Oil Company*, 383 Pa. 191, 118 A. 2d 142 (1955).

This is a statutory proceeding and the statutes must be followed in a strict manner. *Mazeika v. American Oil Company*, supra. Each assessment must be appealed in accordance with the procedure established by the statute which, in this case, is the Act of June 21, 1939, P. L. 626, as amended, 72 P.S. §5452.1 et seq.

When an assessment is appealed and the court enters an order thereon, it is applicable only to the years included in that particular assessment. *Moon Township Appeal,* 397 Pa. 498, 156 A. 2d 323 (1959).

The record in this case supports the conclusion reached by the lower court that the cemetery property should be exempt for the triennial period 1961-1962-1963, but its order must be modified insofar as it undertakes to strike the assessments made for prior years.

Order affirmed striking the assessment for the triennial period 1961-1962-1963, but reversed as to assessments for years prior thereto without prejudice to the property owner to pursue other remedies, if any, to question their legality. Costs to be paid by Allegheny County.