## R. R. TOB. MULLEN v. S. H. McKINNEY ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF VENANGO COUNTY.

Argued October 11, 1890—Decided November 3, 1890.

With a bill filed to restrain the collection of taxes levied upon a distinct lot, which adjoined a church lot and had upon it a building connected with the church and occupied for certain services and as a parsonage residence, affidavits were read which were contradictory as to the character of the building and its uses. The decree of the court below awarding a preliminary injunction was reversed, and the injunction dissolved.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 196 October Term 1890, Sup. Ct.; court below, No. 1
August Term 1890, C. P. in equity.

On August 24, 1889, the Right Reverend Tobias Mullen,
Bishop of Erie for St. Patrick's Church, Franklin, Pa., filed a
bill in equity against S. H. McKinney and others, commission-
ers of Venango county, and S. A. Hull, collector of taxes,
praying, upon the matters therein charged, for an injunction
to restrain the defendants from collecting taxes levied for
county and poor purposes for the year 1889, upon an assess-
ment of the "Catholic Parsonage, lot No. 187," at a valuation
of $3,000.

On November 4, 1889, a motion for a preliminary injunction
having been heard upon bill and affidavits, the court, TAYLOR,
P. J., filed the following opinion:

The bill charges that the complainant is the owner, in trust
for St. Patrick's Roman Catholic Church, of two certain in-lots
situate in the city of Franklin, Pa., and that in 1881 the con-
gregation completed the erection of a church upon one of the
lots, which has since been used exclusively as an actual place
of religious worship, and that as the congregation increased in
numbers it became necessary to erect an addition to said church
building for the purposes of religious worship and the accom-
modation of its pastor; that the addition to said church build-
ing was completed in March, 1889, and that the plan, a draft
of the original building with the addition, is attached to and
made a part of the bill; that the addition is physically attached
to the original building in such manner that it forms an inte-
gral part of the old church building, and cannot be separated
therefrom without the destruction of the building; that the
wing or attachment of the new building to the old is used as
the office of the church, in which the entire business of the
church is transacted, the records of the church are kept, Sun-
day school classes are taught, etc., and that the room marked
" E," upon the draft, is the church chapel, where mass is said
and the children of the congregation are religiously instructed;
that these two rooms are used for religious services and places

Opinion of Court below.

of worship, and that the remainder of the new addition is used as a parsonage for the priest; that the county commissioners have assessed the new addition, before described, for county and poor purposes, and levied a tax thereon, and that the defendant Hull, as collector, has levied upon the personal property of the complainant and will proceed to sell the same to collect said tax, unless restrained by the court.

There were three affidavits read in support of the bill, and the prayer is that the defendants be enjoined from collecting this tax, and for further relief.

Upon the part of the defendants, there was one affidavit introduced, that of S. H. McKinney, one of the defendant commissioners. It sets out that the new building stands entirely upon one of the lots; that it was erected for a parsonage; that the two buildings are entirely separate and distinct; that the walls and the roof are separate, and that the new building could be entirely removed without in any way involving the disintegration of the church building; and that, although a Sunday school class may be taught occasionally in one of the rooms and mass said occasionally in the other, the old church building is where the Sunday school is held and mass ordinarily is said, and that the attachment of the new building to the old church, in the manner by the defendant alleged, is but for the purpose of escaping taxation upon the parsonage.

The three affidavits in support of the bill squarely contradict the material facts as alleged in the defendants' affidavit, as to the construction of the building, the purpose of its erection, and the use that is made of a part thereof. Mr. Ramsdale, the architect, says he constructed the new building; that it was built with the view to use a part of it for religious worship; that the addition is joined to the old part in solid stone and brick work; that a portion of the stone and brick was torn out of the old wall; that a part of the old cornice and roof was torn off, and the addition roof and old roof were built in together, as one, and that the entire structure as it now stands forms a single building, no part of which could be removed without causing disfiguration and disintegration. J. S. McGarry and John E. Maher fully corroborate Mr. Ramsdale, the architect, as to the construction of the building, and further say, that at least two rooms of the addition are in daily use as

places of stated religious worship, and that the saying or repeating of mass constitutes the principal part of the religious worship of the Roman Catholic Church.

It is claimed on the part of the complainant that the property assessed and sought to be the subject of taxation, is exempt from taxation by virtue of article IX., § 1 of the constitution of 1874, and the act of May 14, 1874, § 1, P. L. 158.

A number of cases have been cited by counsel for the complainant and the defendants, but I have not discovered any, where the facts are similar to the one under consideration. From all the cases, I am of the opinion that to exempt property from taxation, where the claim of exemption is based on the section referred to, two things must concur: First, it must be a regular place of stated worship, and second, it must be in actual use as such. The whole of the lot, and the entire building erected thereon, are assessed and taxes levied upon it. Under the state of facts developed by the bill and affidavits, can this be done without offending against the section of the constitution and the act before cited? The architect, who ought to know better than any other, says "that the entire structure as it now stands forms a single building, no part of which could be removed without causing disfiguration and disintegration;" while the bill and other affidavits upon part of the complainant clearly show that two of the rooms are in daily use for regular places of stated religious worship.

Under this state of facts I am of the opinion that the preliminary injunction prayed for should be granted, upon the complainant's giving bond in the sum of $300, as provided by law.

—A decree awarding a preliminary injunction having been signed, the defendants took this appeal, assigning the said decree for error.

*Mr. C. A. Myers*, for the appellants.

Counsel cited: Section 1, article IX. of the constitution; act of May 14, 1874, P. L. 158; Londonderry Tp. v. Berger, 2 Pears. 230; Donohugh's App., 86 Pa. 309; Sewickley Bor. v. Sholes, 118 Pa. 165; Hunter's App., 1 Mona. 7; Burd Orph. Asylum v. School D., 90 Pa. 29; Thiel College v. Mercer Co., 101 Pa. 534; Wood v. Moore, 1 Chester Co. R. 265; Mullen v. Erie Co., 85 Pa. 291; Miller's App., 10 W. N. 168; Summit

Grove Ass'n v. School D., 12 W. N. 103; Academy of Fine
Arts v. Philadelphia Co., 22 Pa. 496; Hammett v. Philadel-
phia, 65 Pa. 146; Church of Our Saviour v. Montgomery Co.,
10 W. N. 170; Delaware Co. Inst. v. Delaware Co., 94 Pa.
163; Brown v. Pittsburgh, 1 Mona. 8.

*Mr. R. W. Dunn* (with him *Mr. J. S. Carmichael*), for the
appellee.

Counsel cited: New Boston Co. v. Water Co., 54 Pa. 171;
Binswanger v. Dearden, 132 Pa. 231.

PER CURIAM:

This being an appeal from the order of the court below
granting a preliminary injunction, no opinion is filed.

> The decree is reversed, and the preliminary in-
> junction dissolved at the costs of the appellee.