The Southern Electric Light and Power Company *v.* The City of Philadelphia and William J. Roney, Receiver of Taxes of the City of Philadelphia, Appellants.

*Taxation—Exemption—Electric light and power company.*

The circumstance that a portion of the property of an electric light and power company is reserved for use for its manufacturing purposes in case of emergency or to meet the demands of increasing business does not alter or change its character as being part of the premises used or intended to be used for its essential object. Such portion is still a part of the property which in its entirety is exempt from local taxation as real estate.

The distinction between the manufacturing of electricity and the supplying of it, is, in so far as tax exemption is concerned, without force.

Argued March 29, 1899. Appeal, No. 37, Jan. T., 1899, by defendant, from decree of C. P. No. 4, Phila. Co., March T., 1898, No. 676, on bill in equity. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for an injunction.

The complainant in its bill averred that the premises, 1342 Washington avenue, and 1109 South Broad street, constituting one property at the southwest corner of Burnett and Christian streets in the city of Philadelphia, had been assessed with real estate taxes for certain years, the collection of which was threatened by the city authorities; that as to the premises on Washington avenue and South Broad street the taxes were for the years 1894 to 1898, and as to the premises at the corner of Burnett and Christian streets the taxes in question were for the years 1896, 1897 and 1898.

The complainant further averred that its business was "supplying light by electricity to the city of Philadelphia, and light and power by electricity to the citizens and public generally of the city of Philadelphia," and that all its "property is used solely for the purposes of its business, and is necessary and indispensable therefor;" that the real estate in question was a part of its capital stock, and that, as such, it paid the usual state tax on capital; that the two premises in question, are

solely used as complainant's "plants for the generation and distribution of electricity for the purposes of its said business."

By an amendment to its bill complainant averred that the premises at Broad street and Washington avenue were actively used for generating electricity in order to supply the city of Philadelphia and the public in that city until April 7, 1896, when those premises ceased to be so occupied actively, but have been maintained as a reserve plant ever since; that on April 7, 1896, the premises at Burnett and Christian streets were put into exclusive use for the active plant of the company, the latter property having been in auxiliary use from September 19, 1895.

Respondent filed an answer averring principally that the complainant company manufactures or generates electricity as well as supplies it to the public; and further, that a very small part of complainant's real estate, if any, would be needed for the purpose of supplying electricity.

The court filed the following opinion:

In the case of the Brush Electric Light Co. v. Philadelphia we have held that the land, buildings and appliances of a company chartered for the manufacture as well as supply of electricity to the public, which are necessary to carry on its business, are exempt from local taxation. The exemption covers lands and buildings furnished and kept for the use of the company, but held in reserve ready for use when required by an emergency or increase of business, as it is alleged that part of the property of this company is held. So long as it is so furnished and held and is not put to any other use than that of an electrical company, it is not subject to local taxation.

An injunction will be granted as prayed for.

*Error assigned* was the decree awarding an injunction.

*E. Spencer Miller,* with him *Alfred S. Miller,* assistant city solicitor, and *John L. Kinsey,* city solicitor, for appellant, cited West Chester Gas Co. v. County of Chester, 30 Pa. 232; Carbon Iron Co. v. Carbon County, 39 Pa. 253; Canal Co. v. Dauphin Co., 3 Brewster, 124; Allegheny Co. v. McKeesport Diamond Market, 123 Pa. 164; Com. v. Coal Co., 156 Pa. 488; Scranton Elec. Light & Heat Co.'s App., 122 Pa. 154; Jewish

Hospital v. Phila., 148 Pa. 454; Roaring Creek Water Co. v. Girton, 142 Pa. 92; Gas Co. v. Chester, 30 Pa. 232; Moore v. Taylor, 147 Pa. 481.

*E. O. Michener* and *Charles E. Morgan, Jr.*, for appellee, cited Scranton v. Scranton Electric Light & Power Co., 8 Pa. C. C. R. 626; Lancaster v. Edison Electric Illuminating Co., 8 Pa. C. C. R. 631; Pittsburg's App., 123 Pa. 374; St. Mary's Gas Co. v. Elk County, 15 Pa. C. C. R. 411.

PER CURIAM, April 24, 1899:

The circumstances that a portion of the property of the plaintiff is reserved for use for its manufacturing purposes in case of emergency or to meet the demands of increasing business, does not alter or change its character as being part of the premises used or intended to be used for its essential objects. It is still a part of the property which in its entirety is exempt from local taxation as real estate. The distinction which is urged between "the manufacturing of electricity" and "the supplying of it," is without force. The power to supply includes the power to manufacture it.

The decree of the court below is affirmed and appeal dismissed at the cost of the appellants.