### Dougherty, Trustee, Appellant, *v.* Philadelphia et al.

Argued January 9, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*A. E. Hurshman,* with him *Frank X. York,* for appellant.—The board of revision of taxes has no jurisdiction whatsoever to pass upon the question whether any particular real estate is exempt from taxes, and, therefore, it would be futile to institute proceedings to exempt property from taxes before such board: Phila. v. Kolb, 288 Pa. 359; Miller v. County, 307 Pa. 550; Graham v. County, 99 Pa. Superior Ct. 245; Boyle v. County, 11 D. & C. 505; Haverford College v. Rhoads, 6 Pa. Superior Ct. 71; Northampton College v. College, 128 Pa. 132.

The auditorium of a public school is exempt: Northampton College v. College, 128 Pa. 132.

The fact that there is some revenue from the sale of refreshments or the use of the auditorium, does not destroy its charitable attributes, providing that all the proceeds thus derived go toward the maintenance of the charity itself, and no profits are received by anyone: Lancaster Co. v. Y. W. C. A., 92 Pa. Superior Ct. 514; Penna. Hospital v. Delaware Co., 169 Pa. 305; U. of P. Christian Assn. v. Phila., 75 Pa. Superior Ct. 516; Betts v. Y. M. C. A., 83 Pa. Superior Ct. 545; Donohugh's App., 86 Pa. 306.

*Theodore F. Jenkins,* Solicitor for school district, with him *Mayne R. Longstreth,* Assistant City Solicitor, and

*David J. Smyth,* City Solicitor, for appellees.—A rectory or parsonage used as a dwelling by a rector of a church is not exempt from taxation: Mullen v. Commissioners, 85 Pa. 288; Mullen v. McKinney, 138 Pa. 69; Pittsburgh v. Church, 10 Pa. Superior Ct. 302; Phila. v. Church, 45 Pa. Superior Ct. 363.

An exempting use to effect the exemption of real estate from taxation must be the sole and exclusive use thereof: Phila. v. Barber, 160 Pa. 123.

If a charity makes a charge for that which is not its charitable bounty, or work, or a necessary part thereof, then the portion of its property or work for the use of which the payment made is taxable even though these payments do not make it self-supporting. And for this purpose a single building may be partly taxed and partly exempt: Donohugh's App., 86 Pa. 306; Phila. v. Y. W. C. A., 125 Pa. 572; Phila. v. Barber, 160 Pa. 123; Am. S. S. U. v. Phila., 161 Pa. 301; Phila. Hospital v. County, 169 Pa. 305; Wagner Free Institute v. Phila., 132 Pa. 612; Thiel College v. Mercer Co., 101 Pa. 530; Mercersburg College v. Boro., 53 Pa. Superior Ct. 388; Bnai' Brith Orphanage v. Heidler, 46 Pa. C. C. R. 49; Sisters of the Blessed Sacrament, 38 Pa. Superior Ct. 640.

When the general power to assess exists, the proper remedy for illegal taxation is by appeal to those to whom the appeal is required to be taken: Clinton School District's App., 56 Pa. 315; Phila. v. Board of Revision, 11 Phila. 284; Wharton v. Boro., 37 Pa. 371; Stewart v. Maple, 70 Pa. 221; Van Nort's App., 121 Pa. 118; Manor Real Est. Co. v. Cooner, 209 Pa. 531; D., L. & W. R. R. v. Commissioners, 245 Pa. 515; Hospital v. Phila. Co., 24 Pa. 229; School Directors v. Bank, 8 Watts 289.

OPINION BY MR. JUSTICE LINN, March 19, 1934:

This appeal is from a decree dismissing a bill filed to restrain the city taxing authorities from assessing and collecting taxes for the years 1927 to 1932, inclusive, on

the rectory of St. Agnes's parish[1] and on an adjoining building known as St. Agnes's school.[2] The bill is founded on a claim of exemption from taxation. The defendants filed a joint answer. After hearing, the bill was dismissed. Defendant appellees contend that plaintiff's remedy was by appeal to the common pleas from the action of the board of revision of taxes.

Equity has jurisdiction to restrain attempted taxation for total want of power to tax: White v. Smith, 189 Pa. 222, 42 A. 125; Barnes Foundation v. Keeley, Receiver of Taxes et al., 314 Pa. 112; American Sunday-School Union v. Phila., 161 Pa. 307, 29 A. 26; Miller v. Northampton Co., 307 Pa. 550, 558, 162 A. 209. But, where the power to tax appears, and the complaint is over-assessment, or inadequate exemption, the remedy is by appeal to the common pleas from the action of the board of revision: U. of P. Christian Assn. v. Phila., 75 Pa. Superior Ct. 516; Phila. v. Kolb, 288 Pa. 359, 136 A. 239; Miller v. Northampton Co., supra; section 13, Act of March 21, 1806, 4 Sm. L. 326; Acts of April 19, 1889, P. L. 37; Act of June 26, 1901, P. L. 601, in force when this proceeding began.[3] Exemption is controlled by the Constitution and by statute.[4] "The claimant of exemp-

---

[1] Numbers 800-802 North Orianna Street.

[2] Numbers 804-816 North Orianna Street.

[3] Note Act of May 22, 1933, P. L. 853.

[4] Article IX, section 1, of the Constitution, provides that "......the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, institutions of purely public charity." Pursuant to that provision, the Act of March 17, 1925, P. L. 39, provides: "That all churches, meeting-houses, or other regular places of stated worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same, all burial grounds not used or held for private or corporate profit, all hospitals, universities, colleges, seminaries, academies, associations, and institutions of learning, benevolence, or charity, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed,

tion from taxation must show affirmative legislation in support of his claim, and his case must be clearly within it": Phila. v. Barber, 160 Pa. 123, 126, 28 A. 644; Harrisburg v. Cemetery, 293 Pa. 390, 143 A. 111. We must, therefore, inquire whether appellant has shown that none of the property involved is taxable, for, unless the evidence discloses a right to total exemption, the bill must be dismissed.[5]

The rectory is assessed at $9,800. The three-story building in which the school is conducted, as averred in the answer, "has been valued by the assessors and board of revision of taxes at a total valuation of $97,000, ½ of which, or $48,500, has been marked as taxable, representing the value placed upon that portion of the property used as an auditorium or place of public entertainment and taxable as such, and the other half of which valuation—$48,500—has been marked exempt, representing the value of that portion of the property used and occupied exclusively by the parochial day school and conventual residence of the teachers engaged in teaching in the day school."

First, as to the school building—exemption is authorized for "institutions of learning, benevolence, or charity, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed, and maintained by the public or private charity." To the extent that the school is within that provision, it

---

and maintained by the public or private charity: Provided, That the entire revenue derived by the same be applied to the support of and to increase the efficiency and facilities thereof, the repair and the necessary increase of grounds and buildings thereof, and for no other purpose;......"

[5] As St. Agnes's Church, which adjoins the two buildings in question, was exempted by the board of revision, no question arises under the words "actual places of religious worship," as used in the Constitution, or under the words "all churches, meeting-houses or other regular places of stated worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same," as used in the statute.

is entitled to exemption: White v. Smith, supra. The learned chancellor made the following decisive findings, which, being supported by evidence, we must accept.

"6. The school occupies the second and third floors of the building adjoining the rectory.

"7. An auditorium with a stage at one end and one or two small rooms comprise the ground floor.

"8. The auditorium is used (1) as a lunch room, auditorium and gymnasium for the school alone, (2) as a social center for the community in general. Young people gather there to play cards or billiards and to dance. Church organizations give entertainments to raise money for the church and for general parish purposes. Educational moving pictures are shown for the benefit of the community. Tobacco, candy and refreshments are for sale at the regular commercial prices.

"9. The only receipts from the use of the hall are voluntary contributions from those who seek recreation there and the profits from the sale of tobacco and refreshments. When the various organizations give entertainments there they pay no rental but they sometimes charge admission and turn over the proceeds to the parish. All this income goes into a general fund for parish purposes, including the support of the school.

"10. The net income from these sources is from $2,000 to $2,500 a year. The cost of maintaining the entire school building is about $13,000 a year."

The sale of "tobacco, candy and refreshments" takes place in a small "room 12 feet by 14 feet opening towards the main auditorium." Father York, the rector, testified that in 1931 the receipts from the sale of refreshments were $2,199.65, that their cost was $1,613.26, resulting in a gain of $586.89. It was a profitable business, which, under our decisions, justified taxation of at least so much of the building, in which the school is conducted, as is devoted to the purpose of this business, because it is obvious that the sale of tobacco, for example, is outside the function of the conduct of the school for the children re-

ferred to in the record. The effect of the sale of food or meals to the school children (Cf. White v. Smith, supra, 229 et seq.; Donohugh's App., 86 Pa. 306; Haverford College v. Rhoads, 6 Pa. Superior Ct. 71) is for consideration on appeal from the board of revision of taxes. It has been uniformly held, in the construction of the statute, that exemption does not result from the fact that profits, realized in what may be called the business activity of the institution, are devoted to its charitable purposes: American Sunday-School Union v. Phila., supra; U. of P. Christian Assn. v. Phila., supra. If the auditorium were used only for school purposes, though yielding some return reducing general expenses, or for other benevolent or charitable, but non-commercial, purposes, exemption would be entitled to consideration within the rule of the cases cited, to which may be added Penna. Hospital v. Delaware Co., 169 Pa. 305, 32 A. 456; United Presbyterian Women's Assn. v. Butler Co., 110 Pa. Superior Ct. 116, 167 A. 389; also see provision quoted in note 4, first introduced into the statute law by the amendment of March 24, 1909, P. L. 54.

The rectory, as has been stated, adjoins the school building. It also adjoins St. Agnes's Church and is occupied by the rector, his assistants and servants. It appears to be conceded, as it must be, that the rectory would not be exempt, if dissociated from the school: Article IX, section 1, Constitution, supra; Act of March 17, 1925, P. L. 39, supra; City of Pittsburgh v. The Third Presbyterian Church, 10 Pa. Superior Ct. 302, 305; Mullen v. McKinney, 138 Pa. 69, 20 A. 940. Exemption is claimed, however, on the ground that the rector of the parish is required[6] to perform certain duties in the school. Father York testified that instruction in "church history and catechism, anything that pertains to the Catholic church" was given "twice a week

---

[6] Pursuant to the acts and decrees of the Third Plenary Council of Baltimore, 1884.

either by myself or the assistant rector......" The chancellor found that "this [school] building adjoins the rectory, connects with it by a doorway and a short flight of steps at the second floor level"; that "the rector of the church is also the principal of the St. Agnes's Parochial School. He uses one room in the rectory for his office as principal." The school had six teachers, nuns or sisters. Even if the rectory be considered as devoted to two uses,—(a) as the residence of the rector of the church, (b) as the residence of, and containing the office of, the principal of the school,—it is taxable as a rectory. While faculty residences which are an integral part of an institution of learning are exempt (Northampton Co. v. Lafayette College, 128 Pa. 132, 18 A. 516; White v. Smith, supra), the coördinate use for a purpose disentitling the building to exemption, is a bar to the exercise of the equitable jurisdiction asserted. Claims for partial exemption must, in the first instance, be presented to the board of revision, with the right of appeal, as has been stated.

In Phila. v. Barber, supra, we said: "Part of the building is used solely by the church, and part is rented out for school purposes. The rooms being all under the same roof makes no difference in principle. The parts rented, and producing income are liable to taxation. There is in fact no express warrant in the act for dividing the building for purposes of taxation and exempting any part of it when other parts produce income. But such division was sustained by Judge ALLISON in Association v. Donohugh, 7 W. N. 208, upon grounds of equity and the broad intent of the statute and has been received with general acquiescence." See, also, Board of Home Missions v. Phila., 266 Pa. 405, 109 A. 664.[7] Since that time the practice of exempting part of a building from taxation has become common and the right to judicial review has been provided by the legislature. Like claims

---

[7] This rule was applied in exempting the second and third floors of the school building involved in the case at bar.

of over-assessment, the refusal of claims for exemption must be tried on the law side of the court in accordance with the statute.

Decree affirmed without costs.