Chevra Achewa Chesed Anshe Cheval *v.* Philadelphia et al. (School District of Phila., Appellant.)

Argued October 11, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Knox Henderson,* and with him *Robert von Moschzisker,* for appellant.

*Samuel M. Brodsky,* of *Blumberg & Sork,* for appellee.

OPINION BY KELLER, J., February 1, 1935:

This was a bill in equity filed by a Jewish congregation to enjoin the collection of city and school taxes assessed against its regular house of worship. The city and school district filed a joint answer admitting that a portion of the premises in question (322-24-26 Bainbridge Street, Philadelphia) was used by complainant as a place of religious worship but they averred that a part of the same was not so used and was not necessary for the occupancy and enjoyment of complainant's place of religious worship, and therefore was not exempt; and that the assessment sought to be enjoined was upon the portion of the property assessable for taxes; and that no portion of the valuation so assessable was entitled to exemption from taxation for any of the years mentioned in the bill. Following these averments the defendants denied that the court had jurisdiction because plaintiff had not appealed from the Board of Revision of Taxes as to any of said years; but they did not file any preliminary objections by way of demurrer or answer, (Equity Rule 48) raising the issue of jurisdiction, on the ground that the suit should have been brought at law, and have it decided in limine, before any hearing on the merits, as provided by the Act of June 7, 1907, P. L. 440. See McConville v. Ingham, 268 Pa. 507, 529, 112 A. 85; Wright v. Barber, 270 Pa. 186, 113 A. 200. After hearing testimony on the merits the court found that since June, 1929, the building, 322-24-26 Bainbridge Street has been used exclusively for religious purposes and is exempt from taxation, under the Act of April 9, 1921, P. L. 119, and entered a decree enjoining the collection of the taxes assessed. The school district, alone, has appealed.

The appellant presents two grounds for reversal: (1) That a court of equity has no jurisdiction to enjoin the collection of a tax assessed against a church building or the regular place of worship of a religious

body or congregation, nor against the property of a purely public charity necessary for the enjoyment of its charter rights; that the sole remedy is at law by appeal from the Board of Revision of Taxes to the court of common pleas; (2) that, in any event, the entire building was not actually used as a place of worship, in which event, it is admitted, the remedy would have to be by appeal from the assessment rather than by bill in equity to enjoin the levy or collection of the taxes.

(1) Taking up the appellant's first position, we find that that very argument was presented to the Supreme Court by the City and School District of Philadelphia, in their brief as appellee, in the case of Dougherty v. Phila. et al., 314 Pa. 298, 171 A. 583, (See 3d and 4th heads of their brief, and last paragraph of appellee's argument as reported on page 300), and the same cases were there presented in support of the argument as are relied on in this appeal; and while the Supreme Court, in that case, sustained the decree dismissing the bill, it did so because part of the property involved in that suit was not exempt, and the court followed the well-settled rule[1] that "unless the evidence discloses a right to total exemption, the bill must be dismissed" (p. 302). In so holding, it, in effect, negatived the contention of the City and School District, which is here being pressed; for the language thus used implies that *if the evidence discloses a right to total exemption, the bill will be sustained;* and three of the cases cited in support of the statement on p. 301, "Equity has jurisdiction to restrain attempted taxation for total want of power to tax" (White v. Smith, 189 Pa. 222, 42 A. 125; Barnes Foundation v. Keely,

[1] See U. of P. Christian Assn. v. Phila., 75 Pa. Superior Ct. 516; Laymen's Week-End Retreat v. Butler, 83 Pa. Superior Ct. 1; Graham v. Commrs. of Lawrence County, 99 Pa. Superior Ct. 245; Dougherty v. Phila. 112 Pa. Superior Ct. 570, 172 A. 177; American S. S. Union v. Phila., 161 Pa. 307, 29 A. 26; Wagner Free Institute v. Phila., 132 Pa. 612, 19 A. 297.

Receiver of Taxes et al., 314 Pa. 112, 171 A. 267; American S. S. Union v. Phila., 161 Pa. 307, 29 A. 26) were bills in equity to restrain the collection of taxes on buildings used for religious worship or for purposes of purely public charity, exempted by statute from taxation. The Supreme Court, evidently, followed the long line of cases,[2] which held that when the building is wholly used as a place of worship, or for purposes of purely public charity, and is therefore totally exempt, a bill in equity will lie to enjoin the collection of taxes; and saw no compelling reason to depart from that long established practice.

We see no valid ground for the distinction, on which appellant insists,—and the Supreme Court evidently found none—, between cases where the local authorities do not have power to tax property, because it is exempt from taxation by *judicial construction,* such as the public works of a corporation, necessary, essential and indispensable to the exercise of its corporate franchise,[3] and those where the local authorities do not have power to tax property, because it is exempt from taxation by legislative direction,[4] enacted pursuant to the authority of the Constitution.[5] In both of them, if the specific property attempted to be taxed is wholly within the exemption created, there is a total want of power to tax; and in such case equity will give relief by injunction. In neither of them, if

---

[2] Donohugh's App., 86 Pa. 306; House of Refuge v. Smith, 140 Pa. 387, 21 A. 353; Episcopal Academy v. Phila., 150 Pa. 565, 25 A. 55; Penna. Hospital v. Delaware County, 169 Pa. 305, 32 A. 456; White v. Smith, 189 Pa. 222, 42 A. 125; Barnes Foundation v. Keely, 314 Pa. 112, 171 A. 267; Haverford College v. Rhoads, 6 Pa. Superior Ct. 71; Mercersburg College v. Mercersburg Boro, 53 Pa. Superior Ct. 388; U. P. Women's Assn. v. Butler County, 110 Pa. Superior Ct. 116, 167 A. 389.

[3] Pittsburgh, etc., Ry. Co. v. Stowe Twp., 252 Pa. 149, 97 A. 197; St. Mary's Gas Co. v. Elk County, 168 Pa. 401, 31 A. 1077; Southern E. L. & P. Co. v. Phila. 191 Pa. 170, 43 A. 123.

[4] See cases cited under note 2.

[5] Art. IX, Sec. 1.

the specific property attempted to be taxed is only partially exempt, is there a total want of power to tax; and in such case the remedy is by appeal from the assessment to the court of common pleas, and not in equity by injunction.[6] Exemption from taxation by judicial construction is on no higher plane than exemption by legislative enactment, if there is constitutional warrant for such legislation. The Act of 1921, supra, does not *authorize* local authorities to exempt actual places of religious worship from taxation. It *declares them exempt.* If the building is wholly used as an actual place of religious worship, the local authorities have no power to tax it. It is totally exempt.

The Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, Sec. 13, has no application here. It provides, in effect, only, that when an act of assembly is passed its provisions shall be strictly pursued and shall displace the penalties and provisions of the *common law* in effect before its passage. It has nothing to do with *equity.* When the act was passed there were no courts of equity in Pennsylvania. When the legislature established courts of equity in this Commonwealth,—although the jurisdiction was limited as to subject matter,—they were given plenary power to administer equity, according to the well-settled principles of equity jurisprudence, within the field of their jurisdiction. One of the well-settled principles of equity jurisprudence is that if equity has taken jurisdiction of a matter because there was no remedy at law, or because the remedy was inadequate, it does not lose jurisdiction merely because the courts of law afterwards give the same or a similar relief; nor is that jurisdiction taken away by the extension of a remedy at law by statute, unless the intention of the legislature to take away equity jurisdiction appears.[7]

---

[6] See cases cited under note 1; Pittsburgh, etc., Ry. Co. v. Stowe Twp., supra.

[7] Story's Equity Jurisprudence, (6th ed.) Sections 64 (i), 80;

Without such restrictive or prohibitory words, the uniform interpretation is, that they confer concurrent and not exclusive remedial authority.[8]

There is nothing in the Act of April 19, 1889, P. L. 37, authorizing appeals from assessments of taxes to the courts of common pleas, that shows any legislative intention of taking away from courts of equity the jurisdiction to restrain the collection of a tax where there was in the taxing authority no power to levy or assess it. And the Supreme Court has not so construed it: Pittsburgh, etc., Ry. Co. v. Stowe Twp., supra; Barnes Foundation v. Keely, supra; Dougherty v. Phila., 314 Pa. 298, 301. On the contrary it appears by its terms—which direct the court to have "due regard to the valuation and assessment made of other real estate in such county or city"—to relate to cases where there are inequalities or irregularities of assessment, as distinguished from a want of power to tax; Banger's App., 109 Pa. 79; and hence is exclusively applied only where the property taxed is subject to taxation, as, for instance, where it is not wholly used for religious worship or purposes of purely public charity.

(2) As respects appellant's second contention the learned Chancellor found: "That the whole of the premises situate 322-24-26 Bainbridge Street in the City of Philadelphia is used exclusively for the transaction and enjoyment of a place of public worship according to the faith, ritual and usages of the Orthodox Jewish Church, and miscellaneous matters necessary

---

Bispham's Principles of Equity, Sec. 37, p. 47; 1 Bouvier's Law Dictionary (Rawle's 3d Rev.) 1062; Johnston v. Price, 172 Pa. 427, 33 A. 688.

[8] Story's Equity Jurisprudence, Sec. 80; see Orr v. Peters, 197 Pa. 606, 47 A. 849, and Smith v. McClure, 257 Pa. 168, 101 A. 347, as to concurrent jurisdiction in frauds and fraudulent conveyances; Shaw v. Newingham, 279 Pa. 180, 123 A. 783, and Williams v. Finlaw, Mueller & Co., 292 Pa. 244, 141 A. 47, as to concurrent jurisdiction in account.

to carry on the work of the said corporation.'' The evidence is sufficient to support the finding, which was approved by the court in banc. It establishes that the entire structure is occupied by the congregation of the synagogue. The first two floors are used for stated religious worship. The third floor is used for the storage of effects belonging to the congregation, old books, old sketches, and damaged scriptures, which are kept there until they are buried in a grave of a Jewish cemetery, under the provisions of the Jewish law. No revenue whatever is derived from its use. No part of the building is used for a purpose foreign to religious worship. It is no more reasonable to hold that any part of the building is taxable because these old books and scriptures are stored on the third floor, than it would be to hold that a church was taxable because coal or oil for heating it was stored in a room in the basement or because a room was set apart in the church building to keep the vestments of the clergy and choristers, or to store the music for the choir, hymn books, Bibles and books of common prayer or keep extra chairs or seats, when not in use. The law contemplates no such over-literal construction. The building is used only for religious worship and for matters necessary to the conduct of such worship according to the forms in ordinary use by that congregation. See Methodist Episcopal Church Board v. Phila., 266 Pa. 405, 109 A. 664; Laymen's Week-End Retreat v. Butler, 83 Pa. Superior Ct. 1; Barnes Foundation v. Keely, 314 Pa. 112, 171 A. 267.

The decree is affirmed at the costs of the appellant.