## Ingersoll, Trustee, v. City of Philadelphia et al.

*Robert S. Ingersoll*, for plaintiff.

*Abraham Wernick*, assistant city solicitor, and *Francis F. Burch*, city solicitor, for defendants.

PER CURIAM, March 6, 1940.—The adjudication filed in this case restrained and enjoined defendants from taking any action whatever against plaintiff, or the corpus of the personal property held by him in trust for Ladislas de Deisbach, a nonresident of Pennsylvania, toward enforcing collection of the personal property tax levied for the taxable year 1937.

In 1924 de Deisbach, at that time and at all times thereafter a resident of France, transferred to plaintiff as trustee certain securities to hold in trust, the income thereof to be paid to him for life, and upon his death to pay the principal to his wife, also a resident of France in 1924 and at all times thereafter.

In 1935 the deed of trust was in effect revoked and amended to make provision for a contingency unforeseen at the time of its creation, namely, the distribution of the corpus of the trust in the event that the wife of the settlor should predecease the settlor.

Defendants excepted to the adjudication, and the order thereon, and challenged the jurisdiction of a court of equity to afford plaintiff relief. Defendants asserted that plaintiff is limited to the remedy of an appeal from the action of the board of revision of taxes to the courts of common pleas, and plaintiff, having voluntarily made his return, is estopped to maintain this action. Plaintiff made a return to the Receiver of Taxes of the City of Philadelphia for the year 1937, and, when a tax of $561.02 was assessed against the corpus of the trust for the year 1937, appealed to the board of revision of taxes to have the assessment removed, but the board of revision of taxes refused to remove the assessment.

Plaintiff bases his action upon the theory that the whole of the property held in trust as above set forth is exempt from the personal property tax assessed by the tax authorities of the City and County of Philadelphia under the provisions of the Act of April 30, 1929, P. L. 871, amending the County Personal Property Tax Act of June 17, 1913, P. L. 507, the pertinent language of which amendment reads as follows:

"And provided further, That the provisions of this section [subjects of tax] shall not apply to personal property, of the class herein above enumerated, *hereafter received* from any person . . . nonresident in . . . this Commonwealth . . . by any person . . . as active trustee . . . for the use, benefit, or advantage of any person . . . non-

resident in . . . this Commonwealth". (Brackets and italics supplied.)

Plaintiff maintains that the personal property so held in trust is not subject to the said tax, and that, therefore, the assessment was unauthorized, illegal, and void, and that the action of defendants in assessing and attempting to collect the tax should be restrained by this court sitting as a court of equity.

Defendants take the position, first, that the words "hereafter received" in the amendment of 1929, supra, mean only trusts created after the effective date of the act, April 30, 1929.

Leaving aside the question whether the amendment to the trust deed of 1935 did not recreate the trust and thus bring the trust property into the hands of the trustee anew subsequent to the effective date of the Act of 1929, it is clear that defendants' contention is not well founded. They rely for their interpretation of the act upon the placement of a comma before the words "hereafter received". It is a well-settled principle that punctuation is no part of a statute and that there is no punctuation in a statute which ought to control its interpretation. See Commonwealth ex rel. v. Taylor et al., 159 Pa. 451, where the Supreme Court pointed out that the supposed defect in the title of an act noted by the lower court was not substantial because it consisted merely in the misplacing of quotation marks. The court then proceeded properly to punctuate the title and held the act to be constitutional.

Another well-established principle in regard to the interpretation of statutes is that "Where an unconstitutional effect would be the result of a strict or narrow construction, a broad or liberal one is commanded. Thus, where the constitutionality of an act depends upon the construction of its language in a strict legal meaning, which would have the effect of limiting and destroying, whilst some other popular acceptation would support, the act, the latter must be adopted": Endlich on Interpretation of Statutes, §178, p. 246.

Clearly, to take the same class of property and exempt it from taxation if it comes into someone's hands after a certain date, and tax it if it came into the same person's hands before that date, would violate article IX, sec. 1, of the Constitution of Pennsylvania providing that all taxes shall be uniform upon the same class of subjects.

Furthermore, it is to be assumed that the legislature, in passing the amendment to the act of 1929, intended to pass a constitutional law and not one which was unconstitutional.

This whole subject is thoroughly discussed in the opinion of Attorney General Margiotti, dated February 25, 1936, in Personal Property Taxes on Trust Estates, 25 D. & C. 565, in which matter he discussed the companion statute relating to the personal property tax payable to the State of Pennsylvania, where exemption is made of the personal property of nonresidents held by a resident trustee for nonresident beneficiaries. The verbiage in the act that he discussed in his opinion and the punctuation are the same as are contained in the portion of the aforesaid amendment of 1929, relating to the county personal property tax which we are considering. His opinion is that the tax does not apply to any personal property of a nonresident held by a resident trustee for nonresident beneficiaries after the effective date of the act, regardless of whether such property was received by the trustee before or after the effective date of the act. He held that where there are two possible constructions of an act, one which would render it constitutional and the other unconstitutional, the former should be adopted, and that punctuation is not conclusive in the construction of a statute and may be freely changed to effect legislative intent.

We are of the opinion, therefore, that the property which was the subject of the tax in this case is wholly exempt from the county personal property tax.

Defendants also maintained that plaintiff's only remedy is an appeal to the court of common pleas on its law side

from the refusal of the board of revision of taxes to remove the levy.

Plaintiff in this case, in error of his rights, filed a return to the receiver of taxes. He attempted to get the tax authorities to remove the resultant assessment, and inasmuch as they have refused, he now seeks the aid of a court of equity to restrain defendants from levying and collecting the tax.

It is to be noted in this case that the whole of the property which is the subject of the assessment is exempt from taxation under our construction of the aforesaid amendment of 1929. Equity has jurisdiction to restrain attempted taxation for total want of power to tax: Dougherty, Trustee, v. Philadelphia et al., 314 Pa. 298, 301, and cases cited therein.

Where part of the property is exempt and part not, the courts have held that the remedy may be an appeal from the assessment to the law side of the court; but when the whole of the property is exempt, there is no question involved as to the amount, valuation, inequalities, etc., of the assessment, and the courts of equity have given relief.

It is well established that, where a statute authorizing appeals from the assessment of taxes to the courts of common pleas does not specifically take away from the courts of equity their jurisdiction to restrain the collection of a tax where there was in the tax authority no power to assess or levy it, the courts of equity have jurisdiction to restrain the collection of the tax. This principle is well expressed by the Superior Court in Chevra Achewa, etc., v. Philadelphia et al., 116 Pa. Superior Ct. 101, 106, et seq. (1935), as follows:

"One of the well-settled principles of equity jurisprudence is that if equity has taken jurisdiction of a matter because there was no remedy at law, or because the remedy was inadequate, it does not lose jurisdiction merely because the courts of law afterwards give the same or a similar relief; nor is that jurisdiction taken away by the

extension of a remedy at law by statute, unless the intention of the legislature to take away equity jurisdiction appears.

"Without such restrictive or prohibitory words, the uniform interpretation is, that they confer concurrent and not exclusive remedial authority.

"There is nothing in the Act of April 19, 1889, P. L. 37, authorizing appeals from assessments of taxes to the courts of common pleas, that shows any legislative intention of taking away from courts of equity the jurisdiction to restrain the collection of a tax where there was in the taxing authority no power to levy or assess it. And the Supreme Court has not so construed it: Pittsburgh, etc., Ry. Co. v. Stowe Twp., supra; Barnes Foundation v. Keely, supra; Dougherty v. Phila., 314 Pa. 298, 301. On the contrary it appears by its terms—which direct the court to have 'due regard to the valuation and assessment made of other real estate in such county or city'—to relate to cases where there are inequalities or irregularities of assessment, as distinguished from a want of power to tax; Banger's App., 109 Pa. 79; and hence is exclusively applied only where the property taxed is subject to taxation, as, for instance, where it is not wholly used for religious worship or purposes of purely public charity."

There is no principle of estoppel in the case. Plaintiff's return was the result of a mistake of law upon his part. The board of assessors and the board of revision of taxes refused permission to plaintiff to correct that mistake. A party is not estopped by an admission made in ignorance of his rights when the admission was the result of an innocent mistake of a material fact or law. Mistake is one of the ancient heads of equity jurisdiction.

In Appeal of The Pennsylvania Company, etc., and Adolph Teller Kohn, Executors and Trustees under the will of Mary B. Geissenhainer, deceased, C. P. No. 5, June term, 1939, no. 1657, a trust officer of The Pennsylvania Company filed a personal property tax return on behalf of decedent covering the years 1933 to 1938, inclusive,

and, in pursuance thereof, personal property assessments against decedent, amounting to $6737.57 for each of said years, were placed on and added to the books of record of the board of revision of taxes on or about February 28, 1938. On appeal, Smith, P. J., on February 28, 1940, sustained the appeal and held that since Mary B. Geissenhainer was not a legal resident or domiciled in the City and County of Philadelphia from 1928 to 1937, the personal property assessments, for the years 1933 to 1937, inclusive, were improperly placed upon the books of the board, and ordered them stricken therefrom.

In the instant case, it would be a needless waste of judicial process to refer plaintiff's action to the law side to reach a similar result.

Defendant's exceptions are dismissed.