Hayes et al., Appellants, *v.* Harris et al.

Argued Dec. 6, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

reargument refused April 26, 1945.

*Louis F. McCabe,* with him *Frank R. Hean,* for appellants.

*Ralph B. Umsted,* Special Deputy Attorney General, with him *James H. Duff,* Attorney General, for appellees.

OPINION BY MR. JUSTICE PATTERSON, January 2, 1945:

John J. Hayes and John F. Beggin, appraiser and chief investigator, respectively, for collection of transfer inheritance taxes, appellants, brought this bill in equity against David W. Harris, Secretary of Revenue, and John P. Boland, Register of Wills of Philadelphia County, appellees, praying for the issuance of an injunction permanently restraining appellees from interfering with their employment or compensation, and to

have declared unconstitutional the Act of 1943, P. L. 369, 72 P.S., section 2482, Act of 1943, P. L. 370, 72 P.S., sections 2324 to 2326, inclusive, and the Act of 1943, P. L. 380, 72 P.S., sections 407, 608, and 1201. This appeal is from the decree of the court below sustaining preliminary objections to the bill.

Appellants were appointed to their respective offices by the Auditor General pursuant to powers conferred upon him by the Acts of 1919, P. L. 782 (amended by the Act of 1943, P. L. 369, 72 P.S. 2482), and the Act of 1927, P. L. 727 (amended by the Act of 1943, P. L. 370, 72 P.S. 2324 to 2326 inclusive). The said Acts of 1943 remove the power of appointment and determination of compensation from the Auditor General and transfer it to the Secretary of Revenue. On May 27, 1943, six days after the statutes in question were enacted, Harris directed Boland to continue in office all inheritance tax personnel formerly approved by the Department of Revenue. Boland immediately posted a notice which stated: "Until otherwise notified by the Secretary of Revenue, all employees now on the payroll (approved by the Secretary of Revenue) as appointees of the Auditor General, will continue their employment as heretofore." Appellants aver that appellees "intend to make, and are preparing to make, appointments to the offices held respectively by complainants and others similarly situated." Each statute is attacked as contravening Article III, section 13 of the Constitution of this Commonwealth and the Due Process clause of the 14th Amendment to the Federal Constitution. The preliminary objections filed alleged, *inter alia,* (1) the bill failed to set forth a cause of action, and (2) there was a complete and adequate remedy at law. The court below sustained the preliminary objections and dismissed the bill for the reason that appellants had an adequate remedy at law, to wit, quo warranto proceedings.

The bill contains no allegations sufficient in law or equity to establish an existing cause of action. No dis-

charge has been made, nor has there been any decrease in compensation; to the contrary, appellants are presently performing the same duties and receiving the same compensation. The only change in their status is that they are now under the control of the Secretary of Revenue instead of the Auditor General. No interest is shown which justifies an attack upon the constitutionality of the statutes in question. This is not a taxpayer's bill to test the constitutionality of the expenditures authorized by the satute. It is a bill brought in anticipation of possible action which may or may not be taken by the Secretary of Revenue. The bill having failed to aver a valid cause of action was properly dismissed. In affirming the dismissal of the bill we do not pass upon the adequacy of the remedy at law.

The decree appealed from is affirmed. Costs to be paid by appellants.