Northwestern Pennsylvania Automatic
Phonograph Association, Appellant, *v.*
Meadville City.

Submitted May 24, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*F. Joseph Thomas,* for appellant.

*Dickson Andrews,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, July 6, 1948:

Northwestern Pennsylvania Automatic Phonograph Association, appellant, filed its bill in equity to enjoin enforcement of an ordinance of the City of Meadville, a city of the third class, averring that the city was without power to enact the challenged ordinance. The ordinance, enacted pursuant to the Act of 1931, P. L. 932, Section 2601, as amended, 53 PS Section 12198-2601,[1]

---

[1] "Council may, by ordinance, levy and collect a license tax for general revenue purposes, not exceeding one hundred dollars each, annually, on all photographers, auctioneers, contractors, druggists, hawkers, peddlers, produce or merchandise vendors, bankers, brokers, other than real estate brokers, undertakers, pawnbrokers, trading stamp or premium companies or dealers, warehouses or storage houses or places, merchants of all kinds, persons selling or leasing goods upon instalments, grocers, confectioners, butchers, wholesale meat dealers, restaurants, billiard parlors, bowling alleys, billiard tables, pool tables, and other gaming tables, drays hacks, carriages, omnibuses, automobiles, carts, wagons, and street railway cars, including all other vehicles used in the city for hire or pay; all skating rinks, operas, theatres, shows, circuses, menageries, and all kinds of public exhibitions for pay, except those for religious, educational or charitable purposes; all lumber dealers, commission men, and all persons who make a business of buying lumber for sale at wholesale

levied a license tax upon possessors of "pin ball" and "juke box" machines and provided penalties for violation thereof. A preliminary injunction was awarded. An answer was filed and a hearing held. This appeal is from the decree of the court *en banc* dismissing appellant's exceptions to the chancellor's decree dissolving the preliminary injunction and dismissing the bill.

The Act of 1931, supra, empowers cities of the third class, by ordinance, to levy and collect an annual license tax for general revenue purposes not in excess of $100 each "on all . . . merchants of all kinds . . . and all kinds of public exhibitions for pay". Pursuant to this enabling legislation, Council of the City of Meadville, appellee, duly enacted an ordinance and an amendment thereto which provided: ". . . no person or persons, firm or corporation, shall at any time have in their or its possession within the City of Meadville, any mechanical device, machine or apparatus whatsoever, for the playing of games and amusements, commonly known as 'pin ball' machines, upon which baseball, football, and

---

or retail; all furniture dealers, saddle or harness dealers, stationers, jewelers, livery or automobile or boarding-stable keepers; all market-house companies and owners of market-houses, garage companies, and owners of other than private garages, express companies or agencies; and, where no other license tax is imposed, on telegraph, telephone, steam-heating, gas, natural gas, water, electric light or power companies, or agencies or individuals furnishing communication, light, heat or power, by any of the means enumerated; and to regulate the collection of the same. If any person, firm or corporation conducts a business at more than one location in a city, the business conducted at each location, shall be considered and assessed as a separate and independent business, and shall be subject to a license tax: Provided, That the word 'business', as used in this clause, shall not be construed to mean or include any place of business at which the principal business conducted is that of selling, storing or distributing products manufactured by the firm, person or corporation operating the business. The taxes assessed under this section shall be in addition to all other taxes levied and collected by the city, county, or Commonwealth": Act of 1931, P. L. 932, Section 2601, as amended, 53 PS Section 12198-2601.

other games are played, or for the playing of music, commonly known as 'juke boxes', operated through the insertion of a coin or any other metal disc, slug or token, without first having procured a license therefor and thereafter exhibiting a seal thereon, as hereinafter provided." The ordinance further provided: ". . . no such license shall be issued until an annual fee therefor shall have been paid to the City Clerk as follows: For 'pin ball' machines $25.00 and for 'juke boxes' $50.00 for each and every device so installed and used under the terms of this ordinance, which amount, so paid shall cover such license fee to and including December 31st of each year."

Appellant corporation, organized and associated for the benefit and protection of owners of phonograph and music boxes in Northwestern Pennsylvania, filed this bill in equity to enjoin, preliminarily until hearing and permanently thereafter, enforcement of the ordinance as amended, asserting the same to be beyond the power of the city. The answer filed, after a preliminary injunction was awarded, asserted that the ordinance represented "a valid and legal exercise of the powers of the defendant (appellee) as a municipality of the third class. . . ." At a hearing on the matter, it was stipulated that "the City is not contending nor does it here assert that the Ordinances in question are passed under police power but that said Ordinances were enacted by the City of Meadville solely for revenue purposes and that if said Ordinances cannot be sustained as a revenue measure they may be considered null and void". Thereafter, the chancellor entered a decree *nisi* dismissing the bill and dissolving the preliminary injunction. This appeal is from the decree of the court *en banc* dismissing appellant's exceptions thereto.

Appellant contends that Section 2601 of the Act of 1931, as amended, supra, does not empower and authorize the city to enact the challenged ordinance. Appellee city contends that although the business of operating

juke boxes or pin ball machines is not specifically mentioned in the statute "the general tenor of Section 2601 is such that it may reasonably be construed as including within its scope the conducting of any kind of entertainment as a profitable business enterprise, and this may properly be applied to the business of operating music boxes". It is said that the fee or tax imposed is upon the business privilege of possessing and operating the boxes. However, at the hearing, G. S. Maxwell, City Clerk for the City of Meadville, was asked: "Q. The City has not been administering this license so that the payment on one annual fee of $50.00 would authorize the possession of more than one machine? A. That is right. Court: In other words they were licensing the machine instead of the business." It is also asserted that inasmuch as appellant or its associated members have not proven irreparable damage, the injunction was properly dismissed.

Whether the Act of 1931, as amended, supra, empowers the City of Meadville to enact the challenged ordinance should not have been determined by either the chancellor or the court below. The record does not establish any right in appellant to maintain this bill. The pleadings do not reveal, nor does the record establish, that appellant is in any way subject to the terms of the ordinance. It is not subject to any penalty for neither it nor its members possess pin ball machines or juke boxes within the meaning of the taxing ordinance.

The bill avers that appellant "is a corporation duly incorporated under the Laws of the State of Delaware, having its office and principal place of business in Sharon, Pennsylvania"; that it "was organized and associated for the mutual benefit and protection of owners of phonographs and music boxes in Northwestern Pennsylvania"; that appellee city "threatens to prevent the operation of said music boxes by members of the plaintiff association if said illegal, unconstitutional and confiscatory license fee is not paid"; that appellee

"threatens if said license fee is not paid to bring an action to penalize the owners and operators of the establishments in which said music boxes have been installed by members of the plaintiff (appellant) association"; that injury will result to appellant for "Any prosecution by the City of the owner of the establishments wherein the aforesaid music boxes are installed will prevent members of the plaintiff (appellant) association from engaging in a lawful occupation"; and, that "the imposition of said license fee makes the operation of the business of the members of the plaintiff (appellant) association so unprofitable as respects some places of business that they are unable to furnish music boxes to many persons who would otherwise desire the same". These averments are insufficient to establish appellant's right to maintain the instant action.

*Martin v. Baldy*, 249 Pa. 253, 94 A. 1091, and *Pennsylvania Railroad Co. v. Ewing*, 241 Pa. 581, 88 A. 775, cited by appellant, are inapplicable here for in both cases the statute or ordinance involved directly affected the petitioner. It is well established that a party challenging the validity of legislation must aver and prove that it is subject to the challenged enactment: *Equitable Loan Society, Inc. v. Bell*, 339 Pa. 449, 14 A. 2d 316. Cf. *Hayes v. Harris*, 351 Pa. 600, 42 A. 2d 51. Appellant's principal contention that appellee city did not have the power to enact the ordinance in question (*Dougherty v. Philadelphia*, 314 Pa. 298, 301, 171 A. 583; *Pittsburgh, Allegheny and McKees Rocks Railway Co. v. Township of Stowe*, 252 Pa. 149, 155, 97 A. 197) cannot be passed upon for it is not properly before this Court nor was it properly before the court below. Dismissal of the bill was proper for the reason that appellant had no standing to maintain the same.

Decree affirmed, costs to be paid by appellant.