## Summerfield Methodist Episcopal Church v. City of Philadelphia et al.

*Thomas Erskine*, for plaintiff.

*G. Sigismundi*, for defendant.

SMITH, P. J., January 14, 1954.—The bill in equity was filed by plaintiff asking for a preliminary injunction to restrain defendants from collecting taxes levied on the property of plaintiff for the year 1926 and from filing liens and issuing warrants therefor, and that the tax assessment for the year 1926 be adjudged null and void. The answer to the bill raises an issue.

### Findings of Fact

1. The Summerfield Methodist Church is situate 2223 to 2227, inclusive, E. Dauphin Street, in the City of Philadelphia.

2. For over 70 years prior to November 19, 1923, the Summerfield Methodist Episcopal Church continu-

ously used this property as a church and regular place of stated worship, and as such was exempted from taxes imposed by the City and School District of Philadelphia.

3. On or about November 19, 1925, a severe fire damaged the church building to such an extent that it could not be used or occupied for religious services of stated worship.

4. Promptly thereafter plaintiff made rebuilding plans for the church building and authorized a contract for rebuilding of the church property.

5. In November 1925 plaintiff began the removal of the debris preparatory to actual building.

6. On December 27, 1925, the real estate assessor reported to the Board of Revision of Taxes: "Assessor found debris being removed."

7. The church building was completed so that in May 1926 plaintiff resumed its religious services in the church building.

8. Plaintiff has held its religious services in the church building without interruption since that time.

9. Defendants by their authorized agents and officers assessed property for the year 1926 at the assessed valuation of $8,000.

10. Defendants have billed plaintiff for taxes resulting from the assessment of 1926 and have threatened to enforce payment of the bill.

11. While the plans for reconstruction of the church were made properly and the physical erection thereof was completed, plaintiff could not use the church building as a place of religious worship.

### Discussion

We are called upon to decide a narrow issue. Defendants argue that since the church building could not be used for religious worship between the time of the fire in November 1925 and its subsequent use in May

1926, when religious worship was resumed, that it was not exempt from taxation as a religious property for 1926. Ordinarily, if a building is used as a church structure for religious worship, it is exempt from taxes: Pennsylvania Constitution, article 9, sec. 1.

The Act of May 22, 1933, P. L. 853, sec. 204; Act of May 3, 1943, P. L. 158, sec. 1, 72 PS §5020-204 provides:

"The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit: (a) All churches, meeting-houses or other regular places of stated worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same."

Where such a tax is unlawfully levied, the courts of equity may grant relief: Dougherty, Trustee, v. Philadelphia, 314 Pa. 298; Chevra Achewa Chesed Anshe Cheval v. Philadelphia, 116 Pa. Superior Ct. 101. Defendants argue that in order for a church to be exempt from taxes, it must at the time assessment was levied be used as a place of religious worship. Defendants cite the case of Baptist Church of Pittsburgh v. Pittsburgh, 88 Pitts. L. J. 477, where it was stated as dictum: The fact that the church at some future time intends to build on a portion of a vacant lot will not justify a present exemption from taxation. In fact even if a church building is in the course of construction, it cannot be exempted from taxation until the building is completed and actually in use as a place of religious worship. This case went to the Supreme Court on appeal, First Baptist Church of Pittsburgh v. Pittsburgh et al., 341 Pa. 568, and was affirmed. The dictum of the lower court was not mentioned in the opinion of Mr. Justice Parker but it was held:

"Equity has jurisdiction to restrain attempted taxation for total want of power. 'But, where the power

to tax appears, and the complaint is over-assessment, or inadequate exemption, the remedy is by an appeal to the common pleas from the action of the board of revision': Dougherty v. Phila., 314 Pa. 298, 301, 171 A. 583; Dougherty v. Phila., 112 Pa. Superior Ct. 570, 578, 172 A. 177. It follows that if part of the property is not exempt the bill was properly dismissed: Laymen's Week-End R. L. of Phila. v. Butler, 83 Pa. Superior Ct. 1, 6. . . .

"Article 9, §1, of the Constitution of this Commonwealth authorizes the General Assembly to exempt from taxation 'actual places of religious worship', and by the Act of May 22, 1933, P. L. 853, §204 (72 PS §5020-204), it is provided that 'all churches, meeting-houses, or other regular places of stated worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same' are exempted from all city and school taxes. It will be observed that a stricter line is drawn on the exemption granted to churches than that given to charitable institutions. It is only *actual* places of religious worship that may be exempted so that if this entire lot is to be relieved from taxation it must be because it is necessary for the occupancy and enjoyment of the church building."

This case turned upon the question of whether a lot adjacent to an existing church building was exempt because the church contemplated in the future to build a Sunday School thereon. That is a different proposition than the case at bar. The church had been used for many years as a place of stated worship. Such stated worship was only temporarily interfered with by reason of the fire damage. The planning of reconstruction and the actual rebuilding was commenced promptly. There was no evidence that the church ever intended the abandonment of its religious services in the building. It would just be as senseless if a church

ceiling cracked and the plaster started to fall, preventing the temporary use of the church just at the time the assessors of the city started assessing for the year. It would still be considered a place of religious worship and should not be taxed. So it seems to us that this church never abandoned the use of this building for religious worship. The position proposed by the city is so strictly applied as to be impractical. In the case of The Contributors to the Pennsylvania Hospital v. Delaware County et al., 169 Pa. 305, 309, it was held:

"But a church does not cease to be exempt because it is closed and the pastor has a vacation in the summer. It is the character of the use, not the amount of it that determines the title of exemption."

In Borough of Bethlehem v. Holy Trinity Evangelical Lutheran Church, 6 Lehigh 28, 30, it was held:

"The next proposition urged by the (taxing borough) was: That from the time the church building was razed to the ground to the time of its completion, the property was not actually used for a place of religious worship, and that it then became subject to taxation and was not entitled to the exemption.

"It appears the old building was used for religious purposes immediately before it was razed to the ground, and that a new and enlarged structure, to be used for the same purpose, was being erected thereon; this was an improvement of the land to be used as an actual place of worship; it was not abandoning a place of religious worship, nor were the conditions changed in so far only as it was deemed necessary to enlarge the building to more successfully carry on the original purposes.

"No authorities have been cited directly sustaining the contention of the (taxing borough) ; the authorities cited relate rather to the building of a church on a new site, where the question was raised as to taxation before the building was actually finished and used for re-

ligious purposes, or where the old church building used for religious purposes had been abandoned; but this is neither; it is neither the erection of a building on a new site nor the abandonment of the old church building, it is simply the making of a necessary improvement to carry on the church work more successfully.

"The Court is of the view that the (church) is entitled to the exemption while making the necessary improvements, . . ."

As to the question of laches, it appears that for years prior to 1926 and from 1927 to date this church property has been exempt from taxation for city and school district purposes. When the taxes were levied, they were not paid into the treasury of the city. The city and school district were aware of this fact. In equity the indispensable ingredient of laches is prejudice to the other party. We do not see that any prejudice here exists. The passage of time during which a bill in equity might have been filed is not controlling unless the element of disadvantage is evidenced. In a recent case unreported, Heard African Methodist Episcopal Chapel Assn. v. City of Philadelphia, C. P. No. 7, June term, 1951, no. 2559 (in equity), the religious association sought relief from a city assessment of taxes for the years 1930 to 1942. Judge Sloane held:

"The test of laches is prejudice, and when there is no injury from the delay, there is no laches (citing Pennsylvania cases). Here, for example, prejudice might have resulted to defendants by loss of the opportunity to investigate the claim of exclusive religious use of the property in previous years. This, however, is not a factor in this case since defendants have agreed (by the stipulation) that the property has been so used from November 1930 to the present time.

"It might also conceivably be contended that defendants relied on the record of assessed taxes in preparing city, county and school district budgets for the year in

question, and that they might be harmed if the taxes are stricken at this late date. This argument, if made, is de minimus, the amounts involved are too insignificant to be considered as having prejudiced defendants, in such respect. The tax for the year 1930 amounted to $61.70; the highest tax was $64.75 in 1940 and 1942. My conclusion is that the taxes from 1931 to 1942 should be stricken and the property declared totally exempt from taxation for those years."

We do not see where any injury resulted to the city or the school board by this delay. In Pennsylvania Company for Banking and Trusts, Trustee, v. Philadelphia, 167 Pa. Superior Ct. 637, 641, Reno, J., held:

"But lapse of time, standing alone, is not sufficient to establish laches. A necessary, indeed an indispensable, ingredient of laches is prejudice to the party who asserts it. Schireson v. Shafer, 354 Pa. 458, 47 A. 2d 665. Laches will not be imputed to a plaintiff where no injury results to defendant by reason of the delay. Lutherland, Inc., v. Dahlen, 357 Pa. 143, 53 A. 2d 143."

There is no proof here of any disadvantage which has been suffered by the city or the school district by the tardiness of plaintiff.

My conclusion is that the taxes for the year 1926 should be stricken and that the church property be declared totally exempt from taxation for that year.

## Decree Nisi

And now, to wit, Januray 14, 1954, it is ordered and decreed that the City of Philadelphia, its officers and agents; the School District of Philadelphia, its officers and agents, and each of them be restrained by preliminary injunction from collecting taxes for the year of 1926 levied upon the property of plaintiff for city and school purposes and from filing liens and issuing warrants therefor; and that the assessment and levying of taxes for 1926 by the city and school district against

the property of plaintiff is hereby adjudged to be null and void.

The prothonotary will enter this decree nisi and give notice thereof to the parties or their counsel, and unless exceptions thereto are filed in 20 days, either party may present a form of final decree to be entered in the case.